Argued February 20, affirmed as modified April 1, petition for
reconsideration denied April 16, petition for review
denied May 29, 1974

FRANCOEUR, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 39391), *Respondent.*
520 P2d 477

*William A. Babcock,* Springfield, argued the cause for appellant. With him on the brief were Babcock, Ackerman & Hanlon, Springfield.

*Jim G. Russell,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and TANZER, Judges.

LANGTRY, J.

Claimant was awarded compensation for permanent total disability resulting from a stroke (cerebral vascular accident (CVA)) he suffered on October 29, 1968. This appeal concerns State Accident Insurance Fund's responsibility for certain medical and other related expenses incurred by claimant after that date.

The CVA occurred in Eureka, California while claimant was there on a business trip for his Oregon employer. He was hospitalized and treated by a Eureka physician. SAIF did not pay the resulting bills.

Claimant lives in the Roseburg area. After the CVA in October 1968 he was examined and treated by a specialist in Portland, Dr. Brodeur. He saw Dr. Brodeur on December 17 and 20, 1968, April 1, 1969, March 10 and 13, 1970 and July 2, 1971. Dr. Brodeur certified his services on these dates were for conditions resulting from claimant's injury of October 1968. SAIF did not pay these bills either.

On July 6, 1971 claimant began to experience a deadening in his left leg. He was hospitalized and had vascular surgery performed on his left common femoral artery and right common iliac artery. The medical evidence was that this surgery was not for a condition resulting from the CVA of October 1968, rather it was a manifestation of claimant's underlying vascular disease which he had been afflicted with prior to the CVA. SAIF also did not pay for this surgery.

The hearing officer ordered SAIF to pay the bills resulting from claimant's October 1968 hospitali‐ zation in Eureka, plus a 25 percent penalty and at‐ torney fees. ORS 656.262 (8), 656.382. (1).

The hearing officer also ordered SAIF to pay for Dr. Brodeur's services through July 2, 1971 and also to pay claimant's travel expenses to Portland on December 17, 1968, April 1, 1969, March 10, 1970 and July 2, 1971, plus other expenses not relevant here, without any penalty. He found that the expenses in‐ curred as a result of the July 1971 surgery were not compensable.

Claimant here contends that the July 1971 sur‐ gery expenses were compensable because they resulted from a preexisting disability that contributed along with the CVA of October 29, 1968 to produce claimant's

permanent total disability. *See* ORS 656.206 (1)(a) and (2).[1]

■ ■ ORS 656.245 (1)[2] specifically requires that medical expenses must be for "conditions resulting from the injury." Claimant's argument confuses the specific "compensation benefits" provided by ORS 656.206 (2) with the general definition of "compensation" contained in ORS 656.002 (7).[3] "Medical expenses" are not contained within the "compensation benefits" provided by ORS 656.206 (2) and ORS 656.245 (1) makes no mention of "preexisting dis-

---

[1] ORS 656.206 provides:

"(1) As used in this section:

"(a) 'Permanent total disability' means the loss, including preexisting disability, of both feet or hands, or one foot and one hand, total loss of eyesight or such paralysis or other condition permanently incapacitating the workman from regularly performing any work at a gainful and suitable occupation.

"* * * * *

"(2) When permanent total disability results from the injury, the workman shall receive during the period of that disability compensation benefits equal to 55 percent of wages not to exceed $50 per week, plus $2.50 per week for each dependent not to exceed five. However, in no event shall payments be less than $40 per week or 90 percent of wages, whichever is less."

[2] ORS 656.245 (1) provides:

"For every compensable injury, the direct responsibility employer or the State Accident Insurance Fund shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability * * *."

[3] ORS 656.002 (7) provides:

"'Compensation' includes all benefits, including medical services, provided for a compensable injury to a subject workman or his beneficiaries by a direct responsibility employer or the State Accident Insurance Fund pursuant to ORS 656.001 to 656.794."

ability." Therefore, we conclude that medical expenses are not compensable if they are the result of a pre-existing disability and not a result of a compensable injury.

In a given case, particularly in the vascular disease area, it may be difficult to determine whether a given condition is a result of an "injury" or is merely a manifestation of a preexisting condition. Nevertheless, under this statute that determination must be made as to each expense incurred.

■ On the record in this case it appears that the hearing officer erred in not ordering SAIF to pay claimant his travel expenses for the trips he made to Portland on December 20, 1968 and March 13, 1970. Dr. Brodeur certified that the charges relating to these visits were the result of the CVA in question. Claimant testified that on December 20, 1968 he had received the results of the December 17, 1968 examination and had undergone a further examination. On March 13, 1970 claimant received the results of the March 10, 1970 examination and underwent further tests. The medical expenses were ordered paid, the travel expenses should also have been paid. The order below should be modified to so provide.

Claimant also assigns error to the hearing officer's failure to assess a penalty and attorney fees in addition to ordering SAIF to pay certain of the medical expenses. He also seeks additional attorney fees for his efforts both here and below. The hearing officer stated:

"* * * The Fund's responses as to the claims * * * [were] not so unreasonable as to justify a penalty as to those items."

■ Given that SAIF could have had reasonable doubts as to whether the services in question were for a condition resulting from the injury, ORS 656.245 (1), the failure to pay prior to the explicit order of the hearing officer is not ground for awarding a penalty and attorney fees. *Reed v. Del Chem. Corp.,* 16 Or App 366, 518 P2d 679 (1974).

This reasoning would also apply to the additional travel expenses that we have determined claimant is entitled to receive.

■ Despite the fact that claimant has been awarded additional compensation by this court he is not entitled to an award of attorney fees here or below. *Giese v. Safeway Stores,* 10 Or App 452, 461, 499 P2d 1364, 501 P2d 982, Sup Ct *review denied* (1973).

Affirmed as modified.