Argued and submitted April 15,
reversed and remanded July 13, 1981

In the Matter of the Compensation
of William E. Hopson, Claimant.

FARMERS INSURANCE COMPANY,
*Petitioner,*

*v.*

HOPSON et al,
*Respondents.*

(WCB Nos. 77-5580-E, 78-6309, CA 19560)

631 P2d 342

Margaret H. Leek Leiberan, Portland, argued the cause for petitioner. With her on the brief was Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Allen T. Murphy, Jr., Portland, argued the cause for respondent William E. Hopson. With him on the brief was Richardson, Murphy & Nelson, Portland.

No appearance by respondent State Accident Insurance Fund.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

This appeal presents a novel question: Is an insurer who timely requested a hearing on a determination order declaring claimant permanently and totally disabled barred in that hearing by *res judicata* where the hearing was not held until after the Board, pursuant to ORS 656.206(5), issued an order, two years after the original determination order, declaring that claimant was still totally disabled? The referee concluded the employer was not barred, and the Board, by a 2-1 majority, reversed that decision. We reverse.

Claimant was originally a logger and had a history of back injuries not directly material here. He retired from that occupation and went into the insurance business. Thereafter he sustained a back injury on November 5, 1973, while visiting the home of a prospective customer. On August 31, 1976, a determination order was issued declaring him permanently and totally disabled. On August 31, 1977, the final day of the appeal period (ORS 656.319(2)), the insurer requested a hearing on the determination order.

Before the hearing was held on the determination order, claimant left the insurance field and developed a consulting service in the sale of small real estate parcels and mobile homes. On February 10, 1978, he slipped on a ramp while getting off an airplane on a business trip and has been unable to work since. That injury was covered by a second insurer (SAIF), and the claim was accepted by determination order dated January 29, 1979. Claimant received compensation for time loss less payments made on the prior permanent total disability award. No appeal was taken from that determination.

On February 22, 1979, pursuant to ORS 656.206(5) and OAR 438-24-025(1), the first insurer "requested" Board reexamination of claimant's status. On March 29, 1979, the Board issued an "Order on Reconsideration" continuing that status. OAR 438-24-030(3) authorizes a claimant whose award is reduced to appeal from such an order, but not an insurer. Consequently, neither party could appeal.

On January 8, 1980, the hearing was held on the 1977 request for hearing on the determination order, and

the referee ruled that the employer was entitled to a hearing on the extent of disability pursuant to its initial request.[1] The apparent basis for this ruling was that, whether the order on reconsideration is treated as an order of the Board under its "own motion" jurisdiction (ORS 656.278)[2] or an order made pursuant to the insurer's election to have claimant's status reviewed per ORS 656.206(5), no such order on reexamination should have issued until the initial hearing was held on extent of disability, to which the insurer, having complied with ORS 656.319(2), had an absolute right, was held. All parties appealed, and the Board reversed, stating:

> "The carrier elected to proceed with the reconsideration of the award by the Board. At this point, the carrier elected which procedure it would follow to contest the award claimant had received. A majority of the Board finds it had to elect *either* to seek a reconsideration of the award for permanent total disability *or* to request a hearing on the

---

[1] Prior to the time set for that hearing, however, following claimant's objection that the redetermination at that point of claimant's disability status was barred by *res judicata,* the parties agreed that that would be the sole issue at the hearing.

[2] There was apparently some contention at the hearing that the Board's order on reconsideration was issued pursuant to its "own motion jurisdiction" as prescribed in ORS 656.278, which reads:

"(1) The power and jurisdiction of the board shall be continuing and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified.

"(2) An order or award made by the board during the time within which the claimant has the right to request a hearing on aggravation under ORS 656.273 is not an order or award, as the case may be, made by the board on its own motion.

"(3) The claimant has no right to a hearing, review or appeal on any order or award made by the board on its own motion, except when the order diminishes or terminates a former award or terminates medical or hospital care. The employer may request a hearing on an order which increases the award or grants additional medical or hospital care to the claimant."

Because we hold that the procedure set forth in ORS 656.206(5) is mandatory, both as to the insurer and the Board, we do not regard it as being an adjunct of "own motion" jurisdiction. The confusion probably resulted from the similarity of OAR 438-24-030(3), which precludes insurers from appealing Board orders on reexamination, and ORS 656.278(3), which authorizes employers to appeal "own motion rulings" if they increase the award or grant additional medical services. We do not regard the latter as the source of the former. Consequently, the cases cited to us involving the conclusive effect of "own motion orders" are not relevant. *See, e.g., Buell v. S.I.A.C.,* 238 Or 492, 395 P2d 442 (1964); *Coombs v. SAIF,* 39 Or App 293, 592 P2d 242 (1979).

Determination Order, but it could not do both. If insurance carriers were allowed to seek reconsideration of awards for permanent and total disability *and* to have a hearing on the same award, the injured worker would be faced with defending the award of compensation in two different proceedings. The evidence in each proceeding is identical. The same parties are also involved in each proceeding. To allow an insurance carrier to have 'two bites at the same apple' appears to the majority of the Board to be patently unfair. Further, it appears the principal of res judicata would bar a second reconsideration of the same issue, based on the same evidence and involving the same parties. Therefore, the majority of the Board reverses that portion of the Referee's order which granted Farmers request for a hearing." (Emphasis in original.)

ORS 656.206(5) reads:

"Each insurer shall reexamine periodically each permanent total disability claim for which the insurer has current payment responsibility to determine whether the worker is currently permanently incapacitated from regularly performing work at a gainful and suitable occupation. Reexamination shall be conducted every two years or at such other more frequent interval as the director may prescribe. Reexamination shall include such medical examinations and reports as the insurer considers necessary or the director may require. The insurer shall forward to the director the results of each reexamination."

In 1978, rules were adopted to implement this section. Each insurer is required to notify the Evaluation Division each year of the current address of any permanently and totally disabled person and to send each such individual a form for reporting income for the preceding year. OAR 438-24-015(3) and (4). Upon return of this form, the Division must determine whether the injured worker is presently gainfully employed or engaged in suitable work. OAR 438-24-025(2). It may request the insurer to undertake additional investigations. *Id.* Thereafter, the results of any investigations are forwarded to the Division along with "such medical examinations and reports as the insurer considers necessary or the Board may require." OAR 438-24-025(3).

OAR 438-24-030 reads:

"(1) The Evaluation Division shall evaluate the information received and submit a recommendation to the

Board which shall include supporting documentation and the recommendation received from the insurer.

"(2) The Board shall consider available evidence and shall issue an order if a reduction or suspension of benefits is determined appropriate.

"(3) Upon receipt of a Board order, the claimant has 30 days to request a hearing.

"(4) If the claimant does not request a hearing within 30 days, the order shall be considered final."

■ We cannot read ORS 656.206(5) and the rules promulgated thereunder as giving an insurer any choice whatsoever as to whether it desires to proceed with a reexamination of a claimant's status prior to a hearing on the original determination order. The language of the statute and the rules is mandatory and if, in practice, an insurer may elect not to have a particular claimant's status reviewed, the basis for such an election is not apparent in the statute or rules. An insurer does have authority to recommend to the Evaluation Division that permanent total disability payments continue in a given case, OAR 438-24-025(3), but it is just that, a recommendation, and the Division may proceed with reexamination despite an insurer's preference. We therefore conclude that there was no "election of remedies" upon which to predicate a finding in this case that the insurer waived its right to a hearing on the extent of disability.

■ ■ We also disagree with the Board that its order on reconsideration is *res judicata* on the issue of claimant's status. Generally stated, the doctrine of *res judicata* applies where a subsequent action is brought involving the same parties (or their privies) and the same claim or cause of action. Its effect is to preclude relitigation of any issues which were determined or which could have been determined in the initial case. *Waxwing Cedar Products v. Koennecke,* 278 Or 603, 610, 564 P2d 1061 (1977). This terminology is not directly analogous to the administrative proceedings involved here; it is perhaps more useful to inquire whether the issues to be determined on reconsideration are identical or necessarily include the issues which would be determined at the hearing on extent of disability. *Shannon v. Moffett,* 43 Or App 723, 604 P2d 407 (1979), *rev den* (1980). Admittedly, the focal point of the inquiry in

each instance appears the same — the extent of claimant's disability. On closer examination, however, it is more accurate to say that the issue at the hearing on the original determination order is whether or not the worker is permanently and totally disabled, and the issue in the reconsideration proceeding is whether a claimant *continues* to be disabled to that extent. In other words, analysis on reconsideration begins with the assumption that the worker is in fact permanently and totally disabled and focuses on whether any change has occurred during the intervening period to suggest improvement in that condition. Hypothetically, the Board could have before it the original determination order (which, in the normal course, will have become final through passage of time or exhaustion of appeal rights), the worker's income statements and a report from one doctor stating "the worker's condition is the same" and decide that no modification was justified. The point is that, in the usual course of events, the Board would not — indeed, *could* not — reexamine the evidence that led to the initial determination, because that determination would be *a priori* conclusive.

Here, there is no such conclusive determination. This fact would make no difference, arguably, if the insurer were afforded the opportunity on reconsideration to offer all the evidence it could have offered to challenge the initial determination, because the insurer's request for hearing on the determination order was still pending. In this case, it appears that, in accordance with the permissive language of ORS 656.206(5), the insurer submitted medical reports covering the 1973 injury and developments leading up to the determination order of August 31, 1976, as well as reports on claimant's subsequent medical history. On reconsideration (which is an *ex parte* proceeding), an insurer has no right to offer testimony or to cross-examine claimant or his witnesses. There is no opportunity to make oral argument to the Board.[3] These restrictions on the type of

---

[3] As a practical matter, the need for such testimony, lay or expert, may not be as critical where, as here, a claimant is totally disabled in terms of physical capacity as opposed to falling within the odd lot category of permanent total disability, because the Evaluation Division's determination was probably based entirely on medical reports. We cannot categorically state that this was true, however, nor that the insurer would not be prejudiced by being unable to offer oral evidence and argument.

evidence that can be presented preclude a finding that the insurer had a "full and fair opportunity to contest the issue" of the extent of claimant's disability. *Shannon v. Moffett, supra,* 43 Or App at 730-31. The order continuing claimant on permanent total disability status gives no indication that any evidence antedating August 31, 1976, was considered.

■ Finally, an insurer has no right of appeal to this court from a reconsideration order which continues claimant's status, OAR 438-24-030(3), as it would from Board review of a referee's determination. In the normal situation, this makes good sense, because an order continuing the status quo does not prejudice an insurer whose obligation to pay maximum disability benefits has been previously finally determined. Even if it could be assumed that the insurer is not prejudiced in this case because the extent of disability has been determined by the Board (the same body which would review the case were it appealed from a hearings officer), to hold the reconsideration order *res judicata* as to any order which could issue on appeal from the original determination order would deprive the insurer of its right of appeal to this court and, potentially, to the Supreme Court. *See Holmes v. State Ind. Acc. Comm.,* 227 Or 562, 580, 362 P2d 563 (1961). For the foregoing reasons, we hold that the Board erred in concluding that its reconsideration order barred the insurer's right to a hearing on the initial determination order, and we remand for that hearing.

Reversed and remanded.