Argued and submitted March 14, affirmed May 9, 1984

In the Matter of the Compensation of
Ray Forrest, Claimant.

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Petitioner,*

*v.*

## FORREST,
*Respondent.*

(81-02535; CA A29392)

680 P2d 1031

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for petitioner.

Diana Crain, Salem, argued the cause for respondent. On the brief was Rolf Olson, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

The issue is whether SAIF is foreclosed from denying claimant medical services under ORS 656.245(1). The medical evidence is that claimant's knee condition, which was repaired by surgery, preexisted and was not caused by the compensable injury. The referee, affirmed by the Board, determined that the issue had "been adjudicated" and that SAIF had been found to be responsible by that adjudication. Accordingly, SAIF's denial was set aside, and it appeals. We affirm.

In 1973, claimant injured his left knee in a nonindustrial motorcycle accident. In 1976, he injured the same knee on the job. He filed a claim, which resulted in an award of 10 percent loss of the left leg. In March, 1979, a referee increased the award to 25 percent permanent partial disability of the left leg. The principal basis for the increased award was the referee's finding that the on-the-job knee injury resulted in a seven degree loss of extension. The referee stated in the order:

> "I am of the opinion claimant's left leg disability exceeds the amount of ten percent loss. Dr. Embick is quite concerned about the extension loss as between just prior to this injury and the present time. He measured this at seven degrees which he indicates is 'considerable.' In addition to the loss of motion, claimant also suffers constant pain in the knee. He has fallen on several occasions since this injury occurred due to the extension loss. I think this shows some measure of just how significant this loss is."

The order was not appealed.

Claimant had continuing problems with his knee, and he had surgery in March, 1980, to regain extension. As a result of the surgery, it was determined that the loss of extension was due to the motorcycle accident and not the on-the-job injury. SAIF reopened the claim in April, 1980, and accepted the new claim as an aggravation. Subsequently, SAIF requested a determination of disability pursuant to ORS 656.268. In January, 1981, a determination order awarded claimant an additional ten percent permanent partial disability for the leg injury. He requested a hearing on the determination order. In August, 1981, SAIF issued a denial letter:

> "We received a request to reopen your claim due to aggravation. After additional review and consideration of all

medical reports now available, it appears this reopening was in error as your surgery of January 31, 1980, was performed to correct a preexisting intra-articular fracture of your left knee and was therefore, unrelated to the injury for which this claim was filed. It is for this reason * * * this partial denial of this surgical procedure is made."

Claimant then amended his request for hearing to include the denial.

The referee determined that the evidence indicated that claimant's on-the-job fall probably did not cause the loss of extension. The referee noted, however, that the March, 1979, order specifically found that claimant had lost seven degrees of extension due to the on-the-job injury and that claimant was awarded a compensable disability on the basis of that extension loss. The referee ruled that the loss of extension had been adjudicated and is the "law of the case," foreclosing denial of medical services on that basis.

ORS 656.245(1) specifically requires that medical services must be for "conditions resulting from the injury."[1] *See Francoeur v. SAIF,* 17 Or App 37, 40, 520 P2d 477, *rev den* (1974). It is the claimant's burden to show that the medical services were for conditions resulting from the industrial injury. *McGarry v. SAIF,* 24 Or App 883, 888, 547 P2d 654 (1976). SAIF argues that claimant failed to carry that burden, because the evidence is that the surgery corrected a condition that was not caused by the industrial injury.

In *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), SAIF had accepted Bauman's claim for a bursitis-type condition. The condition worsened, and he underwent surgery to repair a tear in the right rotator cuff. SAIF denied the aggravation claim for the surgery, on the basis that Bauman's shoulder condition was a symptom of a preexisting degenerative disease. Bauman's claim had resulted in an arrangement of compensation which was not challenged by a request for hearing or otherwise. The Supreme Court determined that it

---

[1] ORS 656.245(1) provides in part:

"For every compensable injury, the insurer or the self-insured employer shall cause to be provided medical services for conditions resulting from the injury for such period as the nature of the injury or the process of the recovery requires, including such medical services as may be required after a determination of permanent disability. * * *"

was not permissible for SAIF to reconsider and deny the previously accepted claim.

The reasoning in *Bauman* applies here. The loss of extension was determined to be a compensable disability. That finding was not appealed. The surgery was to correct that disability. The referee and the Board were correct in concluding that SAIF may not at this point deny the aggravation claim based on loss of knee extension.

Affirmed.