Argued and submitted February 15, affirmed in part, reversed in part and remanded
April 10, 1985

In the Matter of the Compensation of
Tillman E. Price, Claimant.

PRICE,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(83-00575; CA A32934)

698 P2d 54

David H. Blunt, Salem, argued the cause and filed the brief for petitioner.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant's widow[1] seeks review of an order of the Workers' Compensation Board, which modified the referee's award by denying claimant penalties for SAIF's denial of an aggravation claim. On *de novo* review, we reverse.

In March, 1979, claimant sustained a compensable right ankle injury. His subsequent low-back condition was determined to be compensably related to that injury and required disc surgery at the L4-5 level. In October, 1982, claimant again experienced back pain. He underwent a myelogram, followed by more surgery at the same L4-5 level. The myelogram report, received by SAIF on December 10, 1982, provided a statement of findings and a diagnosis of a "[h]uge recurrent herniated nucleus pulposus anterior right anterolateral and right direct lateral at L4-5." In a memo dated December 28, 1982, SAIF's consultant, Dr. Brown, went to considerable lengths to explain his opinion that the original 1979 injury was not the cause of claimant's back problem and that the earlier surgery should not have been compensable. He stated that he had reviewed all previous medical reports relating to the original injury. He summarized those reports and concluded:

> "It is my opinion that the disc was not herniated at the time of the injury, that there was no medical evidence to substantiate this and that the Referee interjected his own feelings about the case rather than on medical facts. Although we can not change the Referee's opinion there is no medical evidence that the injury of 1979 herniated the disc resulting in the first operation. There is also no medical evidence that the injury in 1979 caused the same disc and/or the next disc to herniate three years later."

Dr. Brown did not state an opinion as to whether the present herniated disc was a worsening of the earlier disc herniation, which had been held to be compensable. He merely reiterated his belief that the original back problem was not compensable. On the basis of the myelogram report and Dr. Brown's memo, SAIF denied the aggravation claim on January 5, 1983. On January 12, 1983, SAIF received a letter from Dr. White,

---

[1] Claimant died after the request for hearing and before final disposition of the request. His widow was substituted as the petitioner pursuant to ORS 656.218(3).

claimant's treating physician, stating that the herniated disc was definitely related to the 1979 injury.

Claimant requested a hearing, seeking compensation, attorney fees and a penalty for SAIF's "unreasonable denial" of the claim. The referee found the claim to be compensable and awarded a penalty, stating that SAIF's refusal to accept the claim was unreasonable, because it was based solely on a medical report which merely disputed the compensability of the 1979 injury. Further, the referee found that SAIF had acted unreasonably in not reinvestigating the denied claim after receiving the letter from Dr. White. On review, the Board affirmed the referee's decision on compensability but concluded that no penalty was authorized, because SAIF had not acted unreasonably in denying the claim on the basis of the information that it had at the time it issued the denial.

■  At the time of the filing of the claim, *former* ORS 656.262(9) provided:

> "If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."[2]

A penalty may be imposed only if the insurer's conduct in denying compensation was unreasonable. If SAIF, after reviewing the evidence, had a legitimate doubt as to its liability, its conduct was not unreasonable. *Norgard v. Rawlinsons,* 30 Or App 999, 1003, 569 P2d 49 (1977).

Claimant argues that SAIF acted unreasonably in refusing to pay compensation after receiving the myelogram report.[3] We cannot say that the myelogram report was sufficient in and of itself to eliminate doubt as to SAIF's liability. Although the report notes a "recurrent" herniated disc, it does not mention or explain the cause of the recurrence. Neither

---

[2] ORS 656.262(9) was renumbered as ORS 656.262(10) by Or Laws 1983, ch 816, § 7.

[3] Claimant does not argue that SAIF should have considered Dr. White's January 12, 1983, letter in determining whether it would allow the claim. Because SAIF did not have the letter in its possession at the time of the denial, its conduct cannot be evaluated as if it did. *Mt. Mazama Plywood Co. v. Beattie,* 62 Or App 355, 661 P2d 109 (1983).

does it state that there was a worsened condition arising out of the original injury. ORS 656.273. SAIF, however, does not contend that the report was not an aggravation claim. It treated it as one and denied it on the basis of Dr. Brown's report.

■      It is that report, however, which calls into question the legitimacy of SAIF's doubt as to its liability. Dr. Brown's report does not deal with the relationship between the original back surgery and claimant's current problem, except, possibly, for the last sentence: "There is no medical evidence that the injury in 1979 caused the same disc and/or the next disc to herniate three years later." That opinion, from all that appears in the report, is based on the doctor's insistence that claimant's original back surgery should not have been compensable. It does not state that claimant's present condition is not an aggravation of his back problem that was found to be compensable, notwithstanding Brown's disagreement. That conclusory statement is not a reasonable basis for the denial of the aggravation claim. SAIF's liability for the original back injury had been previously litigated and was not open to question. *See Waldrop v. J. C. Penney Co.,* 30 Or App 443, 567 P2d 576 (1977). SAIF acted unreasonably in basing its denial on a medical opinion which was, in effect, an argument against the compensability of the original back condition. The Board erred in determining that no penalty was authorized.

Affirmed in part; reversed in part, and remanded for determination of penalty.