Argued and submitted February 13, reversed, referee's order reinstated May 22, 1985

In the Matter of the Compensation of
Terri L. Kuhn, Claimant.

**KUHN,**
*Petitioner,*

*v.*

**SAIF CORPORATION,**
*Respondent.*

(83-01668; CA A33124)

700 P2d 253

A. J. Morris, Eugene, argued the cause for petitioner. With him on the brief were Hoffman, Morris, Giustina and Fox, Eugene.

Ann Farmer Kelley, Assistant Attorney General, Salem argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillete, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Claimant petitions for review of a Workers' Compensation Board order that affirmed SAIF's denial of her aggravation claim. ORS 656.273. The issue is whether she met her burden of proving her aggravation claim. On *de novo* review, ORS 656.298, we conclude that she did. We reverse and reinstate the referee's order.

Claimant compensably injured her low back in March, 1981. During the course of treatment, it was determined that she had a congenital condition described as a pronounced lumbar lordosis and prominently curved sacrum. She was diagnosed as having a lumbosacral strain superimposed on those congenital abnormalities. A determination order was issued, but it contained no award of permanent disability. She appealed. The referee was persuaded by the opinion of Dr. Wong, claimant's attending physician, that she was entitled to an award of 10 percent permanent partial disability. The referee implicitly rejected the opinion of Dr. McHolick, SAIF's consulting physician, who stated that claimant had suffered no permanent impairment as a result of her injury. SAIF did not petition for Board review of the referee's order.

In 1982, claimant returned to Dr. Wong, complaining of low back and intermittent right leg pain. Dr. Wong reported that her condition had become aggravated. He diagnosed "chronic lumbosacral strain - exacerbation." He noted that, since he had last seen her, she had moved twice and given birth to a child.

Dr. Wong reported:

"Therefore, in my medical opinion, while the lumbar lordosis may have made her more susceptible to low back injury, it was the initial injury of March 12, 1981, which precipitated the symptoms. It is my opinion that her present condition has worsened since March 12, 1982 *[sic]*. I do believe the aggravation is a continuing, on-going problem related to her initial injury."

Dr. McHolick, who examined claimant for SAIF in July, 1983, reported:

"At this time, as previously, I still see no evidence of major neurologic or orthopedic problems other than congenital

abnormality of horizontal sacrum, vertical lumbosacral joint, and severe lumbar lordosis, none of which would I attribute to the single contusing injury in question. I do not believe at the present time her problem could relate to that contusing injury but is on a developmental basis. I wonder how much of this is a fixation and possibly psychiatric or psychological testing and evaluation might be in order in this instance."

SAIF denied the aggravation claim.

Claimant testified that her symptoms had occurred intermittently since the injury; that she had experienced no low back symptoms prior to the injury; and that she was hospitalized in February, 1983, because of a severe aggravation of her low back pain. Once again, the referee found Dr. Wong's opinion more persuasive. He discounted Dr. McHolick's opinion, because he had continued to operate on the assumption that claimant's industrial injury had caused her no permanent disability. The referee reasoned that that issue had already been resolved and could not be relitigated. The referee set aside SAIF's denial of claimant's aggravation claim. SAIF petitioned for Board review.

Relying on our opinion in *Giesbrecht v. SAIF,* 58 Or App 218, 648 P2d 70 (1982), the Board first determined that it was improper for the referee to find Dr. Wong's opinion more persuasive simply because another referee had found Dr. Wong more persuasive in a previous hearing. In *Giesbrecht,* we stated that "the contribution of one expert's opinion to the preponderance of evidence in one case has no bearing on the relative weight of the same expert's opinion in another case with a different mix of medical opinions." 58 Or App at 219. We held that it was error for the referee to consider himself bound by the opinion of one expert solely because this court had found that expert's opinion persuasive in a *different* case. The Board's reliance on *Geisbrecht* was misplaced. We are concerned here with the *same* case.

The Board stated:

"We thus assess the relative weight of the medical opinions in this record. First, it is not at all clear that claimant's condition is worse now than it was at the time of the last award of compensation; claimant's current symptoms seem to mirror her symptoms at the time of the prior extent-of-disability hearing, and there is no persuasive evidence of any

objective change in claimant's condition since that prior hearing. Second, even assuming there has been a worsening, we are not persuaded by Dr. Wong's opinion of a causal link to claimant's rather minor industrial injury. The record indicates a number of other as plausible explanations or more plausible explanations for claimant's current symptoms, specifically her congenital spinal defects, the birth of her child and her move to Seattle and back."[1]

We conclude that claimant has met her burden of proving her aggravation claim. Her condition worsened, and the worsening was causally related to her industrial injury. Dr. Wong's opinion is supportive on both issues. *See Hamlin v. Roseburg Lumber,* 30 Or App 615, 567 P2d 612 (1977). Additionally, she testified that her condition was severely aggravated. Her subjective complaints are probative on the question whether there was an aggravation of a compensable condition. *Garbutt v. SAIF,* 297 Or 148, 151, 681 P2d 1149 (1984); *Hoke v. Libby, McNeil & Libby,* 73 Or App 44, 46, 697 P2d 993 (1985). Dr. McHolick has steadfastly maintained that claimant's condition is entirely due to her congenital abnormalities. Although he was entitled to reiterate his original conclusion, it conflicts with the law of the case, which is that permanent disability resulted from her industrial injury. As a legal matter, it is wrong. *Price v. SAIF,* 73 Or App 123, 698 P2d 54 (1985); *see also SAIF v. Forrest,* 68 Or App 312, 315, 680 P2d 1031 (1984). Therefore, his conclusion must be discounted.

We are unpersuaded by the argument that claimant's worsened condition resulted from her giving birth to a child or from her moving. The Board terms those as "plausible explanations or more plausible explanations for claimant's current symptoms * * *." We conclude that those explanations are mere speculation; they cannot defeat claimant's claim.

Reversed; referee's order reinstated.

---

[1] Dissenting Board Member Lewis, stated:

"I cannot agree with the majority's implication that the Referee reasoned that Dr. Wong's opinion has to be found more persuasive in this proceeding because another Referee found his opinion more persuasive in another proceeding. I interpret the Referee's reasoning to be that he would not accept Dr. McHolick's opinion over Dr. Wong's because Dr. McHolick's fundamental impression is that claimant has no impairment as a result of her industrial accident, which is contrary to the law of this case that claimant has 10% permanent disability."