Argued and submitted November 8, 1985, affirmed February 26, reconsideration denied July 11, petition for review denied September 16, 1986 (301 Or 765)

In the Matter of the Compensation of
Allan Kytola, Claimant.

KYTOLA,
*Petitioner,*

*v.*

BOISE CASCADE CORPORATION,
*Respondent.*

(WCB 82-06536; A34647)

714 P2d 1083

David C. Force, Eugene, argued the cause and submitted the brief for petitioner.

Brian Pocock, Eugene, argued the cause and submitted the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant seeks review of an order of the Workers' Compensation Board which concluded that Boise Cascade (employer) had sustained its burden of proving that claimant is no longer permanently and totally disabled. He contends that the Board applied an incorrect standard to terminate his award of permanent total disability and that employer did not sustain its burden of proof.

Claimant suffered a compensable neck injury while working as a timber faller in 1974. He previously had suffered other disabling injuries. The present claim was first closed by a determination order in July, 1975, which awarded time loss and 35 percent unscheduled permanent partial disability for injury to claimant's neck, left shoulder and low back. Claimant was treated subsequently for physical and mental problems stemming from his injuries. A second determination order issued in February, 1977, awarded temporary total disability for March 30, 1975, through January 20, 1977, and permanent total disability beginning January 20, 1977. Employer did not appeal that order.

■ Employers have an obligation periodically to reexamine permanent total disability awards. ORS 656.206(5). In so doing, in this case, employer conducted surveillance of claimant and re-opened the claim on December 8, 1981, after it became aware of evidence indicating that claimant might not be totally disabled. It requested the Board to redetermine claimant's continued entitlement to permanent total disability. The Board subsequently issued an order on its own motion, referring this request for reevaluation to the Evaluation Division.

The department issued another determination order on July 1, 1982, which found that claimant was no longer permanently and totally disabled, but was only permanently partially disabled. It ordered permanent total disability benefits terminated as of December 8, 1981, and future payments for 40 percent unscheduled permanent partial disability. Claimant requested a hearing. The referee held that employer had the burden to prove that there had been a material change in claimant's condition since the original award of permanent total disability *and* that, because of the improvement, claimant had become employable. He found that employer had

proved that claimant is employable but had failed to prove that claimant's condition had improved since the original award of permanent total disability. The referee specifically found that claimant was not a credible witness and that he had performed gainful work since he was awarded permanent total disability. He also found that claimant is not and never was permanently and totally disabled.

Because the referee did not find a material change in claimant's condition, stating that "it is virtually impossible to prove a 'change' when the baseline never existed," he held that employer had failed to sustain its burden, despite the finding that claimant is currently employable.

Employer appealed to the Board, which held that the referee had applied the wrong standard to determine when an award of permanent total disability can be modified. The Board held that an employer need prove only that a claimant is presently capable of performing some work and that that capacity may be indicated either by proof of improvement in the claimant's medical condition *or* by circumstantial evidence of his employability. Finding evidence that claimant's condition had improved *and* that he is employable, the Board reversed the referee. Claimant claims that the Board applied the wrong standard and that employer failed to sustain its burden of proof under either standard.

■ We deal at the outset with claimant's argument that, because of procedural defects in the proceedings below, the Board never had jurisdiction to issue an order in this case. The argument is completely without merit. ORS 656.278(1) provides that the Board has continuing jurisdiction to modify, change or terminate former awards on its own motion. Claimant asserts that the Board itself must exercise the power in the first instance and that it improperly delegated the authority to the Evaluation Division. Claimant points to no legal authority to support his assertion. The Board had the authority to delegate the initial redetermination to the Evaluation Division. Claimant should not be heard to complain of the fact that the Board initially delegated the redetermination, when the Board ultimately made the final administrative decision on the issue.

■■ On the merits, we agree with employer that the Board applied a proper standard to determine claimant's continued

eligibility for permanent total disability. In *Gettman v. SAIF,* 289 Or 609, 614, 616 P2d 473 (1980), the court stated that an "award of compensation for permanent total disability can be reduced only upon a specific finding that the claimant presently is able to perform a gainful and suitable occupation." That holding was reaffirmed in *Harris v. SAIF,* 292 Or 683, 642 P2d 1147 (1982), where the court held that the claimant could be disqualified from permanent total disability if the Board found that he is presently able to perform a gainful occupation, even though the "claimant's disability remained essentially unchanged since his accident." 292 Or at 686. The Board correctly ruled here that claimant's award of permanent total disability could be modified if employer proved by a preponderance of the evidence that he is presently employable.

It remains for us to review the Board's finding that claimant is presently capable of performing a gainful and suitable occupation. A panel at Southern Oregon Medical Consultants examined claimant on December 8, 1981, and concluded that he was capable of performing light work and indicated several job descriptions which were within his physical capabilities. The referee found, from films and other evidence, that claimant was capable of gainful work and had, in fact, been employed during the period of his purported total disability. Films showed claimant chopping, unloading and stacking firewood and jacking up and working on his vehicle. Records indicated that claimant sold 118 cords of firewood to a California company in 1980, earning approximately $5,000. He took a job falling trees for six weeks in 1983. He testified that he worked at that job a few hours each day, starting at sunrise because at that early hour he could walk on top of the frozen snow as he cut the trees. He earned $650 for those six weeks. He also worked as a firewatcher fulltime in the summer of 1983, earning about $2,000. The referee also found that claimant is an expert welder and had earned approximately $1,500 at that occupation in 1981. In addition to the direct evidence of employability, the record is replete with medical evidence that claimant is not totally disabled.

We affirm the Board's order terminating claimant's award of permanent total disability and awarding him permanent partial disability. Employer does not contest that award in any respect.

Affirmed.