Argued and submitted June 18, 1986, reversed on petition and affirmed on cross-petition June 3, reconsideration denied July 24, petition for review allowed September 3, 1987 (304 Or 149)
See later issue Oregon Reports

In the Matter of the Compensation of
Dawn White, Claimant.

NORTH CLACKAMAS SCHOOL DIST.,
*Petitioner - Cross-Respondent,*

*v.*

WHITE,
*Respondent - Cross-Petitioner.*

(WCB 83-09151; CA A36411)

737 P2d 649

Jerald P. Keene, Portland, argued the cause for petitioner - cross-respondent. With him on the briefs was Roberts, Reinisch & Klor, P.C., Portland.

Donald E. Beer, Portland, argued the cause for respondent - cross-petitioner. With him on the brief was Galton, Popick & Scott, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Employer seeks review of a Workers' Compensation Board order allowing further medical treatment to claimant for a hip injury. The Board affirmed an October 5, 1984, referee's order providing continued treatment despite employer's assertion that further treatment was barred by *res judicata.* We reverse.

Claimant suffered an industrial injury when she strained her hips on October 26, 1981, while working as a custodian, when she "misstepped" while descending some stairs. She consulted several doctors, who offered various diagnoses. Her claim was closed with an award of time loss only on April 9, 1982. She challenged that award, claiming premature closure or, alternatively, permanent partial disability benefits. On June 15, 1982, a referee affirmed the closure and rejected her claim for permanent partial disability. In relevant part, the referee stated:

"The relationship of claimant's current disability to her industrial injury is a medical question, and claimant has not sustained her burden of showing a medical connection between her present condition and her industrial injury. I therefore find that her claim was properly closed and she is not entitled to have her claim reopened.

"In the alternative, claimant asks for permanent partial disability award. I find that where none of the medical specialists who have examined claimant have found claimant has a permanent impairment as a result of her October 26, 1981 industrial injury and where all of the specialists have found claimant could return to her former job, she has not sustained her burden of proving that she has lost any earning capacity as a result of her industrial injury."

The Board affirmed and adopted the referee's opinion and order.

For four months after the Board's order, claimant continued to receive medical treatment for her hip condition. She also sought treatment for lower back pain. On July 25, 1983, employer's insurer issued a partial denial, disclaiming responsibility for further medical treatment. Claimant challenged that determination before a second referee, asserting aggravation of the original injury. The referee upheld the denial of the aggravation claim and disallowed further medical treatment for her back. However, the referee ruled that

expenses for medical treatment of claimant's hip condition should be continued. The Board affirmed.

Employer argues that its liability for any further medical treatment is barred by the first referee's determination that claimant failed to demonstrate a medical link between her hip condition and the original industrial injury. Alternatively, employer asserts that there is insufficient evidence of a causal relationship between claimant's current hip condition and the original accident. Claimant cross-petitions for review, seeking medical benefits for her back condition. We need to address only the *res judicata* issues.

■ ORS 656.245(1) provides that medical treatment must be paid for "conditions resulting from the injury." *See SAIF v. Forrest,* 68 Or App 312, 680 P2d 1031 (1984); *Francoeur v. SAIF,* 17 Or App 37, 40, 520 P2d 477, *rev den* (1974). Claimant bears the burden of demonstrating that the need for medical services results from an industrial injury. *SAIF v. Forrest, supra,* 68 Or App at 315; *McGarry v. SAIF,* 24 Or App 883, 889, 547 P2d 654 (1976).

■ When a referee or the Board makes a determination that a particular medical condition is or is not the result of an industrial injury, and there is no appeal, that determination may not be relitigated. *Kuhn v. SAIF,* 73 Or App 768, 700 P2d 253 (1985); *Aldrich v. SAIF,* 71 Or App 168, 691 P2d 923 (1984); *SAIF v. Forrest, supra.* In *Kuhn,* we reversed, on *res judicata* grounds, a Board determination which denied benefits to the claimant. We held that the Board had impermissibly relied on expert testimony asserting no medical causation when a causal relationship had already been established in a prior proceeding:

> "Although [the expert] was entitled to reiterate his original conclusion, it conflicts with the law of the case, which is that permanent disability resulted from her industrial injury. As a legal matter, it is wrong. * * * Therefore, his conclusion must be discounted." 73 Or App at 772. (Citations omitted.)

Both claimants and employers are subject to *res judicata* principles in workers' compensation cases.[1] Claimant cannot use

---

[1] *Res judicata* operates somewhat differently in workers' compensation cases than in other types of cases. As we noted in *Farmers Ins. v. Hopson,* 53 Or App 109, 631 P2d

an aggravation claim as a back door to relitigate underlying causation issues. *Deaton v. SAIF,* 33 Or App 261, 576 P2d 35 (1978).

We do not agree with claimant's assertion that issues raised by her present claim are significantly different from those previously litigated. More than five months after the industrial accident a referee found that her then existing hip condition was unrelated to her initial compensable injury. That determination was affirmed by the Board and never appealed. The present case is unlike our decision in *Kepford v. Weyerhaeuser Co.,* 77 Or App 363, 713 P2d 625, *rev den* 300 Or 722 (1986), where the claimant offered a previously unlitigated theory. Here, the record contains no objective evidence distinguishing claimant's current hip condition from the hip malady which she had asserted in her original disability hearing. Because entitlement to medical treatment and disability benefits result from work-related injuries, the underlying causation issues are essentially identical. The compensability of claimant's hip condition has already been determined.[2]

Reversed on petition, affirmed on cross-petition.

---

342 (1981), the distinction is sometimes an important one:

> "Generally stated, the doctrine of *res judicata* applies where a subsequent action is brought involving the same parties (or their privies) and the same claim or cause of action. Its effect is to preclude relitigation of any issues which were determined or which could have been determined in the initial case. * * * This terminology is not directly analogous to the administrative proceedings involved here; it is perhaps more useful to inquire whether issues to be determined on reconsideration are identical or necessarily include the issues which would be determined at the hearing on extent of disability." 53 Or App at 114. (Citations omitted.)

[2] Claimant's cross-petition for review of the Board's denial of medical treatment for her low back pain is arguably not barred by *res judicata.* We conclude that her present back condition is the product of a preexisting condition which was not caused or affected by the industrial accident.