Argued and submitted January 28, affirmed May 15, 1991

In the Matter of the Compensation of
Paulette D. Lehman, Claimant.

Paulette D. LEHMAN,
*Petitioner,*

*v.*

SAIF CORPORATION
and Club Pioneer,
*Respondents.*

(88-04124; CA A64276)

811 P2d 924

James F. Larson, Prineville, argued the cause for petitioner. With him on the brief was Minturn, Van Voorhees, Larson & Dixon, Prineville.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Claimant seeks review of an order of the Workers' Compensation Board finding that she is no longer permanently and totally disabled and awarding her 65% unscheduled permanent partial disability (PPD). We affirm.

Claimant compensably injured her head, neck and back in a car accident in 1972 and was awarded permanent total disability (PTD) in 1976. In May, 1987, she opened and worked in a women's clothing store. Pursuant to ORS 656.206(5)[1] and ORS 656.325(3),[2] SAIF submitted documentation to the Department of Insurance and Finance, requesting reexamination of claimant's PTD award. The Department determined that her disability remained unchanged. SAIF requested a hearing, and claimant moved to dismiss for lack of jurisdiction. After denying the motion, the referee concluded that claimant was no longer permanently totally disabled and issued an order awarding her 65% PPD. The Board adopted the referee's order.

Claimant argues that the referee did not have jurisdiction to review the order because, under ORS 656.206(5), only the director of the Department (director) has discretion to reexamine PTD awards. She relies on OAR 436-30-065(6), *Farmers Ins. v. Hopson,* 53 Or App 109, 631 P2d 342 (1981), and *Bentley v. SAIF,* 38 Or App 473, 590 P2d 746 (1979).

---

[1] ORS 656.206(5) provides:

"Each insurer shall reexamine periodically each permanent total disability claim for which the insurer has current payment responsibility to determine whether the worker is currently permanently incapacitated from regularly performing work at a gainful and suitable occupation. Reexamination shall be conducted every two years or at such other more frequent interval as the director may prescribe. Reexamination shall include such medical examinations, reports and other records as the insurer considers necessary or the director may require. The insurer shall forward to the director the results of each reexamination."

Throughout this opinion we refer to the statutes by their current citations and in their current form, unless otherwise noted.

[2] ORS 656.325(3) provides:

"A worker who has received an award for unscheduled permanent total or unscheduled partial disability should be encouraged to make a reasonable effort to reduce the disability; and the award shall be subject to periodic examination and adjustment in conformity with ORS 656.268."

SAIF argues that its request for hearing was authorized by ORS 656.325(3), ORS 656.325(6)[3] and ORS 656.268(6).[4]

Before 1979, periodic examinations of PTD awards were conducted by the Evaluation Division, which, under its rule, prepared the record and made a recommendation to the Board for its decision. Or Laws 1977, ch 430, § 1; Or Laws 1977, ch 804, § 30; Or Laws 1965, ch 285, §§ 31 and 41b. Those provisions were codified as ORS 656.325 and 656.268, which provided for the right to request a hearing under ORS 656.283(1).[5] In 1979, the responsibility for reexamination of PTD awards under ORS 656.206 was transferred from the Board to the director. Or Laws 1979, ch 839, §§ 20 and 25. However, ORS 656.325(6), ORS 656.268(6) and ORS 656.283 remained in effect. There is nothing in the 1979 legislative history or the amendments to suggest that the legislature intended to end the Board's power to review what before had been a recommendation but was now a determination order. To the contrary, the power to review expressly continued under ORS 656.325 and ORS 656.268.

Claimant contends that SAIF had no right to seek Board review, because OAR 436-30-065(6)[6] provides that only a *worker* may request a hearing if a PTD award is reduced. The rule is silent as to an insurer's right to a hearing regarding a reexamination determination. However, the rule

[3] ORS 656.325(6) provides:

"Any party may request a hearing on any dispute under this section pursuant to ORS 656.283."

[4] ORS 656.268(6) provides:

"The Department of Insurance and Finance shall mail a copy of the determination to all interested parties. Any such party may request a hearing under ORS 656.283 on the determination made under subsection (4) of this section within 180 days after copies of the determination are mailed."

[5] ORS 656.283(1) provides:

"Subject to subsection (2) of this section and ORS 656.319, any party or the director may at any time request a hearing on any question concerning a claim."

[6] OAR 436-30-065(6) provides:

"The worker may request a hearing if the permanent total disability award is reduced:

"(a) Requests for hearing must be made in writing to the Workers' Compensation Board.

"(b) Requests for hearing must be made within 180 days after the mailing date of the order reducing the award."

does not and cannot defeat an insurer's statutory right to a hearing under ORS 656.325 and ORS 656.268. *See OSEA v. Workers' Compensation Dept.,* 51 Or App 55, 65, 624 P2d 1078, *rev den* 291 Or 9 (1981).

Claimant's reliance on *Farmers Ins. v. Hopson, supra,* and *Bentley v. SAIF, supra,* is misplaced. The issue in *Hopson* was whether an insurer could challenge the initial determination order that awarded PTD to the claimant, when the insurer had also requested reexamination of the award pursuant to ORS 656.206(5) and the Board had issued an order continuing the award. The insurer had not appealed the Board's order continuing the award. Although the issue was not before us, we commented that, under *former* OAR 438-24-030(3), "an insurer has no right to appeal to this court from a reconsideration order which continues claimant's status * * *." 53 Or App at 116. Similarly, in *Bentley v. SAIF, supra,* we did not decide whether an insurer has a right to request a hearing on a determination order that continues a claimant's PTD award. The issue was whether the proper procedure for initiating a reexamination of a final PTD award is a request for a redetermination under ORS 656.325(3) and ORS 656.268 or a request for a hearing under ORS 656.283. Here, the issue is squarely before us, and we conclude that, under ORS 656.325 and ORS 656.268(6), SAIF can seek review of an order reexamining a PTD award.

■ Finally, claimant argues that the Board erred in reducing her PTD award when there was no change in her medical condition or in any of the other factors affecting disability. Claimant is not entitled to benefits for PTD if she presently is able to perform a gainful occupation, even if her physical condition remains essentially unchanged. *Harris v. SAIF,* 292 Or 683, 696, 642 P2d 1147 (1982); *Kytola v. Boise Cascade Corp.,* 78 Or App 108, 112, 714 P2d 1083, *rev den* 301 Or 765 (1986).

Affirmed.