Argued and submitted March 10, affirmed November 15, 2006

In the Matter of the Compensation of
James A. Hoyt, Claimant.

AMERICOLD CORPORATION
and Travelers Insurance Company,
*Petitioners,*

*v.*

James A. HOYT,
*Respondent.*

03-04467; A127293

150 P3d 1

Jerald P. Keene argued the cause and filed the briefs for petitioners.

Paul Bovarnick argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Employer seeks review of an order of the Workers' Compensation Board (board) setting aside its denial of claimant's aggravation claim. We review the board's legal conclusions for errors of law including for substantial reason, ORS 183.482(8)(a), and its findings for substantial evidence, ORS 183.482(8)(c). Because we conclude that the board's findings are supported by substantial evidence and substantial reason, we affirm.

In 1991, claimant injured his lower back and filed a workers' compensation claim. The employer's workers' compensation insurer at the time, AIG Claim Services Inc. (AIG), formally accepted the claim as a back strain. That claim was later closed with a permanent partial disability award. In 1993, claimant underwent a discectomy[1] at L4-5 on the left side and returned to his regular work. Claimant suffered a second low back injury in September 1998, while under coverage provided by Travelers Insurance Company (Travelers). An MRI showed an L4-5 herniation, and claimant filed an aggravation claim with AIG regarding the 1991 injury. AIG denied the claim on the grounds that it was outside the five-year limitations period for aggravation claims, ORS 656.273, and that, in any event, the 1998 incident had caused a new injury, covered by Travelers. Travelers also denied the claim, on the ground that claimant had sustained an aggravation of the 1991 injury. Claimant challenged the denials and, after a hearing in July 1999, the administrative law judge (ALJ) found the injury compensable and assigned responsibility to AIG. On appeal, the board reversed the ALJ's order regarding responsibility, determining that claimant's 1998 injury was a successive injury to the same body part and assigning responsibility to Travelers under the "last injury rule." As a result, Travelers formally accepted the 1998 injury claim for a left L4-5 herniation in December 2000.

Meanwhile, claimant underwent an L4-5 discectomy in January 1999, and returned to his regular work. However, he continued to have intermittent low back pain, pain in his

---

[1] A discectomy is defined as an "[e]xcision, in part or whole, of an intevertebral disk." *Stedman's Medical Dictionary* 508 (27th ed 2000).

legs, and numbness in his left foot. Periodic MRIs showed L4-5 disc changes, including a right L4-5 disc herniation in March 2000. In May 2001, Travelers closed the successive injury claim with awards of temporary disability, 29 percent unscheduled permanent disability for his low back, and 5 percent scheduled disability for his left foot. In February 2003, another MRI showed a right L4-5 disc herniation and lumbar degenerative disc disease with mild disc bulging at other levels. In April 2003, claimant underwent a third discectomy.

■     Thereafter, claimant filed a claim for aggravation of the 1998 injury, which Travelers denied in May 2003 on the ground that the acceptance was for a left side, rather than right side, L4-5 disc herniation. Claimant again challenged Travelers' denial. At the hearing on the claim, Travelers argued that the major contributing cause of the worsening was an underlying, preexisting degenerative disc disease that had combined with the 1993 injury and surgery, and, therefore, claimant had failed to meet his burden of proof regarding worsening of the 1998 injury. The ALJ disagreed, concluding that "the current worsened condition is a progression of the same condition which was ordered accepted under the 1998 injury claim" and that condition "necessarily included any preexisting L4-5 disc degeneration." In the ALJ's view, Travelers was responsible for claimant's condition based on the "law of the case." On appeal, the board agreed that there was "no medically significant distinction between the current L4-5 disc condition and the accepted condition, except that the current condition is worse." The board also ruled that

> "it is the law of the case that claimant's July 1999 condition was due solely to compensable factors. Consequently, to the extent that medical opinions are based on a belief that preexisting (*i.e.*, allegedly noncompensable) degeneration contributed to the L4-5 condition as of the 1999 hearing, those opinions are unpersuasive because they are contrary to the law of the case."

■■     On review, Travelers argues that

> "employer has doubts as to whether the 'law of the case' was the applicable principle in this situation. What the board

actually found was that the *causation findings* in the previous litigation necessarily foreclosed the causation findings employer sought to obtain in this case. Issues of fact are more appropriately deemed the subject of *issue preclusion* or, in more venerable terms, a finding of fact that was *res judicata.*"

(Emphasis in original.) Indeed, the "law of the case" generally connotes the principle that, " 'when a ruling or decision has been once made in a particular case by an appellate court, while it may be overruled in other cases, it is binding and conclusive * * * upon the appellate court itself in any subsequent appeal * * *.' " *State v. Montez*, 324 Or 343, 347, 927 P2d 64 (1996), *cert den*, 520 US 1233 (1997) (quoting *State v. Pratt*, 316 Or 561, 569, 853 P2d 827 (1993)); *see also Kuhn v. SAIF*, 73 Or App 768, 772, 700 P2d 253 (1985). "Issue preclusion," on the other hand, arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding. *Nelson v. Emerald People's Utility District*, 318 Or 99, 103, 862 P2d 1293 (1993).

Here, the board found that the litigation regarding an aggravation of the 1998 injury resulted in a finding of a compensable condition that was caused by the work activity *and* by a degenerative disc disease. The board then found that the medical evidence in the current litigation established that *that* compensable condition had worsened. At oral argument, Travelers argued that the board did not conduct the correct analysis, asserting that there is no evidence that the 1998 injury resulted in the acceptance of a degenerative disc disease as part of the compensable condition. Thus, Travelers argues that the board erred when it refused to consider whether the degenerative disc disease, a noncompensable cause in Travelers' view, was the major contributing cause of claimant's current condition.

We reject Travelers' argument because we view the board's opinion as expressing alternative reasons why claimant's current condition is compensable. Even if the board erroneously found that claimant's degenerative condition was part of his accepted condition, it also considered the entire evidentiary record and reasoned:

"Now, although the current L4-5 disc condition is essentially the same as the condition previously ordered accepted (except that it is worse), the medical evidence relates it to post-surgical degeneration and/or 'preexisting degeneration.' Although some doctors relate claimant's current condition to the 1991 injury and 1993 surgery, rather than the 1998 injury and 1999 surgery, a preponderance of the medical evidence relates claimant's current L4-5 degenerative condition at least in part to prior compensable injuries and surgeries. (*See* Exs. 67, 84, 87-4, 88, 89-17-22).

"* * * * *

"It is conceivable that claimant's current L4-5 condition involves a 'preexisting condition' that did not contribute in July 1999, but now combines with the compensable 1999 L4-5 disc condition. However, there is *no persuasive evidence* to that effect in this case. Instead, the record establishes that claimant's current L4-5 condition is due to his compensable injuries and surgeries, with no contribution from 'noncompensable' causes. Because it is undisputed that claimant's L4-5 condition has actually worsened, we agree with the ALJ that the aggravation claim is compensable."

(Emphasis added.)

Travelers disputes that understanding based on a footnote in the board's opinion, which states:

"Again, insofar as medical opinions relate claimant's current L4-5 condition to 'pre-July 1999' degeneration, they are unpersuasive, because they do not recognize the fact that any degeneration that contributed as of July 1999 was compensable (as a matter of law)—because *all* causes were compensable at that time. (*See* Exs. 69-8, 86, 89-17, -20, 90-14-16)."

(Emphasis in original.) That footnote addresses the first alternative, but not the second, in which the board reviewed the current evidence and found that the degenerative disc disease did not contribute to the worsening. The board's determination in that regard is factual in nature and is supported by substantial evidence and substantial reason based on the medical evidence before it. It follows that the board did not err.

Affirmed.