On respondents' petition for imposition of sanctions under ORS 656.390 filed June 28, opinion filed June 27 (102 Or App 373, 795 P2d 124), petition for sanctions allowed October 17, 1990

In the Matter of the Compensation of
Randy R. Westfall, Claimant.

Randy R. WESTFALL,
*Petitioner,*

*v.*

RUST INTERNATIONAL
and Underwriters Adjusting Company,
*Respondents.*

(WCB 88-01147; CA A62442)

798 P2d 1124

Bradley R. Scheminske, Portland, for petition.

No appearance *contra.*

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Employer petitions for an award of sanctions against claimant's attorney, claiming that the petition for judicial review in this case, 102 Or App 373, 795 P2d 124 (1990), was frivolous. ORS 656.390.[1] We agree and grant the petition.

Claimant filed a petition for review of an order of the Workers' Compensation Board that denied compensation for claimant's back condition. Distilled to its basic premise, claimant argued that he had testified that his back still hurt, that the referee had found his testimony credible and that the condition was not so complex that expert testimony was required. Claimant's attorney acknowledged that there were competent medical opinions to support both employer's and claimant's views. He also acknowledged "that on judicial review pursuant to ORS 656.298, this Court will not disturb the Board's weighing of competing medical opinions, in the record * * *."

The attorney knew and acknowledged that there was substantial evidence to support the Board's decision. The petition for review was frivolous.[2] We conclude that it is appropriate to award sanctions to employer. Within 21 days

---

[1] ORS 656.390 provides:

"Notwithstanding ORS 656.236, if either party appeals for review of the claim to the Court of Appeals or to the Supreme Court, or files a motion for reconsideration of the decision of the Court of Appeals or the Supreme Court, and the court finds that the appeal or motion for reconsideration was frivolous or was filed in bad faith or for the purpose of harassment, the court may impose an appropriate sanction upon the attorney who filed the appeal or motion. The sanction may include an order to pay to the other party the amount of the reasonable expenses incurred by reason of the appeal or motion, including a reasonable attorney fee."

[2] For example, the brief says:

"Claimant/Petitioner fully recognizes that on judicial review pursuant to ORS 656.298, this Court will not disturb the Board's weighing of competing medical opinions in the record; even where, as here, the opinions it chooses to give the weight to are absurd and contrary to all known facts, x-rays, and the laws of nature. There were two well-reasoned opinions in support of the claim, and two odd ones against it, but one of the latter was signed by more than one 'expert,' and, therefore, the Board counted them up and held that Claimant must lose.

"(This method of 'fact-finding' on *de novo* review will result, over time, in many more 'expert opinions' in compensation cases, since the last part to get one admitted should always win on Board review. Nonethelss, the Legislature has prohibited this Court from intruding on such 'adjudication' of facts)."

after the date of this decision, employer shall submit a statement of reasonable expenses incurred by reason of the petition, including reasonable attorney fees. Claimant's attorney shall have 14 days thereafter to file a response.

Petition for sanctions allowed.