On petitioner's petition for reconsideration filed March 6, reconsideration allowed, opinion awarding sanctions (104 Or App 132, 798 P2d 1124) adhered to; respondent's motion for sanctions on reconsideration denied May 29, petition for review allowed by memorandum opinion August 22, 1991
See 312 Or 34, 815 P2d 1272 (1991)

In the Matter of the Compensation of
Randy R. Westfall, Claimant.

Randy R. WESTFALL,
*Petitioner,*

*v.*

RUST INTERNATIONAL
and Underwriters Adjusting Company,
*Respondents.*

(WCB 88-01147; CA A62442)

812 P2d 31

David Force, Salem, and Vick & Gutzler, Salem, for petition.

Bradley R. Scheminske, Portland, and Scheminske & Lyons, Portland, *contra.*

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Claimant's attorney petitions for review of our decision imposing sanctions on him pursuant to ORS 656.390. 104 Or App 132, 798 P2d 1124 (1990). We treat the petition as one for reconsideration, ORAP 9.15, allow it and adhere to our decision.

ORS 656.390 provides:

"Notwithstanding ORS 656.236, if either party appeals for review of the claim to the Court of Appeals or to the Supreme Court, or files a motion for reconsideration of the decision of the Court of Appeals or the Supreme Court, and the court finds that the appeal or motion for reconsideration was frivolous or was filed in bad faith or for the purpose of harassment, the court may impose an appropriate sanction upon the attorney who filed the appeal or motion. The sanction may include an order to pay to the other party the amount of the reasonable expenses incurred by reason of the appeal or motion, including a reasonable attorney fee."

The attorney argues that he cannot be sanctioned under the statute, because it provides for sanctions only against "the attorney who filed the appeal * * *." He contends that "filed the appeal" means "filed the notice of appeal." Because he did not sign the notice of appeal,[1] but only filed the brief and argued the cause, he argues that he cannot be sanctioned. Although the statute could be read in the way that the attorney asserts, its language is also susceptible of a broader meaning, which is supported by the Legislative history and purpose.

The statute authorizes sanctions not only for frivolous appeals in this court, but also for frivolous Supreme Court "appeals for review." Supreme Court review of a decision by this court is initiated by the filing of a petition for review, not by the filing of a notice of appeal. *See* ORAP 9.05(1). Under the attorney's interpretation, sanctions could never be authorized for a frivolous petition for Supreme Court review, because the notice of appeal relates only to Court of Appeals review.

---

[1] "Notice of appeal" includes a petition for judicial review. ORS 656.298(3).

Legislative history supports a broader reading of the phrase. The chairman of the Senate Labor Committee told the committee that the proposed statute was based on FRCP 11 and that similar sanctions were already available in the trial court, but needed to be extended to the appellate courts. Tape recording, Senate Labor Committee, June 10, 1987, Tape 211, Side B at 187. The committee members were concerned about how to force the courts to impose sanctions. Tape recording, Senate Labor Committee, May 27, 1989, Tape 178, Side B at 34. FRCP 11 by its terms applies to "[e]very pleading, motion, or other paper" signed by an attorney. The rule requires that sanctions be imposed for violation of the rule that the attorney's signature constitutes a certificate that the attorney

> "has read the pleading, motion, or other paper; that to the best of [the attorney's] knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

Given FRCP 11's application to *all* papers signed by an attorney, not just the initial pleading, the legislature's use of FRCP 11 as a model for ORS 656.390 and the committee's concern about how to force appellate courts to apply the sanctions rule in appropriate circumstances, ORS 656.390 must be read to encompass more than just the filing of the notice of appeal.

We conclude that ORS 656.390 allows this court to impose sanctions on an attorney who files documents relating to prosecution of an appeal, including the notice of appeal and briefs. The legislature wanted to deter frivolous appeals. Allowing an attorney who crafts and submits frivolous arguments to escape sanctions merely because another attorney signed the notice of appeal would be contrary to legislative intent.

The attorney in this case signed and filed a brief that was wholly devoid of merit. He orally argued that position to this court. Accordingly, he is subject to sanctions under ORS 656.390.

Respondent has asked that we impose sanctions for the attorney's having petitioned for review. We decline to do that.

Reconsideration allowed; opinion adhered to. Respondent's motion for sanctions on reconsideration denied.