Submitted on remand from the Oregon Supreme Court August 22, 1991, petition for sanctions allowed against David C. Force February 12, reconsideration denied March 25, petition for review allowed May 26, 1992 (313 Or 299)

In the Matter of the Compensation of
Randy R. Westfall, Claimant.

Randy R. WESTFALL,
*Petitioner,*

*v.*

RUST INTERNATIONAL
and Underwriters Adjusting Company,
*Respondents.*

(WCB 88-01147; CA A62442)

826 P2d 64

David Force, Salem, and Vick & Gutzler, Salem, for petitioner.

Bradley R. Scheminske and Scheminske & Lyons, Portland, for respondents.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

**WARREN, P. J.**

This case is before us on remand from the Supreme Court. 312 Or 34, 815 P2d 1272 (1991). The court vacated our award of sanctions made pursuant to ORS 656.390 and remanded for further consideration in light of its opinion in *Mattiza v. Foster*, 311 Or 1, 803 P2d 723 (1990).

In *Mattiza*, the court considered sanctions under ORS 20.105(1), which provides:

> "In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

One of the issues was whether, when the claim is that the party acted in bad faith, sanctions can be awarded without a finding that the claim or defense was meritless. The court reviewed the legislative history, which indicated that the legislature intended to incorporate the federal bad faith standard referred to in *Alyeska Pipeline Co. v. Wilderness Society*, 421 US 240, 95 S Ct 1612, 44 L Ed 2d 141 (1975), under which a court has inherent equitable power to award attorney fees when an unsuccessful litigant has acted in bad faith. Following the federal interpretation of that rule, the court concluded that a finding of meritlessness was a necessary precursor to an award of sanctions for bad faith under ORS 20.105(1). 311 Or at 8.

The court did not offer any guidance as to its reason for vacating our award of sanctions in this case, and it is not readily apparent whether or how we are to apply *Mattiza's* interpretation of ORS 20.105(1) to the workers' compensation sanctions statute at issue here. ORS 656.390 provides:

> "Notwithstanding ORS 656.236, if either party appeals for review of the claim to the Court of Appeals or to the Supreme Court, or files a motion for reconsideration of the decision of the Court of Appeals or the Supreme Court, and

the court finds that the appeal or motion for reconsideration was frivolous *or* was filed in bad faith *or* for the purpose of harassment, the court may impose an appropriate sanction upon the attorney who filed the appeal or motion. The sanction may include an order to pay to the other party the amount of the reasonable expenses incurred by reason of the appeal or motion, including a reasonable attorney fee." (Emphasis supplied.)

The language of the two sanctions statutes differs substantially. ORS 20.105(1) provides that sanctions may be awarded to the prevailing party if the other party "acted in bad faith, wantonly or solely for oppressive reasons." ORS 656.390 provides for sanctions if the party's appeal or motion for reconsideration "was frivolous or was filed in bad faith or for the purpose of harassment." Thus, a preliminary question for us on remand is whether the test for bad faith in ORS 20.105(1) has any bearing on a request for sanctions under ORS 656.390 for a frivolous appeal. We conclude that it does not.

■    We first note that this is not a bad faith case;[1] it is a request for sanctions based on the frivolousness of the appeal. The language of ORS 656.390 unambiguously uses disjunctive language to provide for sanctions when the appeal either is frivolous or was filed in bad faith or for the purpose of harassment. We give effect to that disjunctive language and conclude that sanctions may be awarded under ORS 656.390 for a frivolous appeal, even if it was not filed in bad faith or for the purpose of harassment.[2]

■    Claimant petitioned for review of the Board's decision denying compensation. We affirmed. Respondents

---

[1] Therefore, we need not address in this case the bad faith language of ORS 656.390.

[2] The Supreme Court's interpretation of "bad faith" in ORS 20.105(1) was based on the legislative intent to adopt the federal common law bad faith standard for sanctions, which includes a requirement that the claim or defense be without merit. As we said in our opinion in *Westfall v. Rust International*, 107 Or App 395, 812 P2d 31 (1991), ORS 656.390 is based on FRCP 11, not on the common law bad faith rule. Under FRCP 11, sanctions are awardable *either* when a pleading, motion or other paper *has been interposed for any improper purpose or* when *it is without merit. Eastway Const. Corp. v. City of New York*, 762 F2d 243, 254 (2d Cir 1985) *cert den* 484 US 918 (1987); *accord Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F2d 1470 (9th Cir 1988). The language of ORS 656.390 is consistent with the legislative intent to adopt the FRCP 11 standard. *See also* ORCP 17C; ORAP 13.25.

moved for sanctions against claimant's attorney, claiming that the petition was frivolous. Counsel for claimant had filed a petition for judicial review of a denied claim.[3] He had signed and filed a brief in which he attempted to couch the assignment of error so that it involved a question of law rather than of fact. However, his only real argument was that the Board should have accepted claimant's testimony and rejected contrary medical evidence. The attorney argued that claimant had testified that his back still hurt, that the referee found his testimony credible and that the condition was not so complex as to require expert testimony.[4] He also acknowledged that there was competent medical evidence to support both employer's and claimant's views and that "on judicial review pursuant to ORS 656.298, this Court will not disturb the Board's weighing of competing medical opinions, in the record * * *." He further acknowledged that there was substantial evidence to support the Board's decision. He is correct that we will not weigh the medical evidence and that there was substantial evidence to support the Board's order.

Despite counsel's attempt to characterize the petition as presenting an issue of law, the arguments all related to the factual determination and claimant's dissatisfaction with it. Because of the substantial evidence standard of review, which counsel acknowledges, the petition was entirely devoid of factual or legal support. *See Mattiza v. Foster, supra,* 311 Or at 8. Accordingly, sanctions are appropriate in this case.

Petition for sanctions allowed against David C. Force in the amount of $1,282.50.

---

[3] In our opinion on reconsideration in this case, we held that sanctions could be assessed against an attorney who filed the brief and argued the cause, but did not file the petition for review. *Westfall v. Rust International, supra,* 107 Or App at 398. We adhere to that opinion.

[4] Furthermore, his argument that the Board should be bound by the referee's determination of whether the case involved a complex medical issue is entirely without foundation in the light of the Board's *de novo* review authority.