Argued and submitted January 17, affirmed June 3, reconsideration denied July 29,
petition for review denied August 25, 1992 (314 Or 176)

In the Matter of the Compensation of
Linda M. Queener, Claimant.

Linda M. QUEENER,
*Petitioner,*

*v.*

UNITED EMPLOYERS INSURANCE
and T.J.'s Superette,
*Respondents.*

(90-02240; CA A70779)

832 P2d 1265

Richard M. Walsh, Salem, argued the cause for petitioner. With him on the brief was Olson, Rowell & Walsh, Salem.

David J. Lefkowitz, Portland, argued the cause for respondents. With him on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of a Workers' Compensation Board order that affirmed the denial of her aggravation and medical services claims. The Board held that her worsened back condition was not causally connected to her compensable injury. We affirm.

Claimant injured her back in May, 1985, while working as a convenience store clerk. By March, 1986, her condition had sufficiently resolved to permit her to return to modified work. A determination order closed her claim on June 5, 1987, and awarded her 15 percent unscheduled disability. A stipulated settlement in September, 1987, which was the last arrangement of compensation, increased her disability award to 25 percent. In the fall of 1989, while employed in a video shop, claimant began working longer hours and experienced increased symptoms in her back when she bent and twisted. The pain was in the same location and had the same general quality as the pain that had resulted from her 1985 injury. Before the 1985 injury, she had spondylolisthesis. She stands five feet tall, and her weight has fluctuated between 200 and 275 pounds since 1975.

The Board, adopting the referee's order, found that claimant had become more disabled as a result of the 1989 back pain in that she was less able to work than she was after the 1987 settlement. It also found, however, that it was not medically probable that her 1989 condition was materially related to the 1985 injury.

■  Claimant first asserts that the Board erred when it required her to bear the burden of proving the compensability of her 1989 claims. She contends that *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983), forbids an employer or insurer from issuing a "back-up" denial of a claim that has previously been accepted as compensable. *Bauman* is inapplicable here, because the denial was addressed solely to claimant's 1989 condition and did not seek to relitigate either the 1987 permanent disability award or potential future claims arising from the 1985 injury. The denial does not challenge the permanency of claimant's accepted back injury but only the causal relationship between that injury and her current condition.

The Board correctly required claimant to prove, by a preponderance of the evidence, that her condition has worsened since the last arrangement of compensation in 1987 and that a causal relationship exists between that worsening and the compensable injury. ORS 656.273(1); *Hoke v. Libby, McNeil & Libby*, 73 Or App 44, 46, 697 P2d 993 (1985).

■    Claimant next argues that the Board ignored Oregon precedent and failed to apply "the law of the case." In *Kuhn v. SAIF*, 73 Or App 768, 772, 700 P2d 253 (1985), we held that, when the claimant had established that permanent disability arose out of an industrial accident, this court, on *de novo* review of her aggravation claim, should disregard a doctor's opinion that the injury resulted from congenital abnormalities. In that circumstance, the determination that the injury was compensable was the law of the case. Unlike in *Kuhn*, the doctors who examined claimant in this case were aware that she had suffered a compensable injury in 1985 but found that her present symptoms are no longer causally related to it. The Board's acceptance of those findings does not disregard her permanent disability.

■    Claimant also asserts that the Board erred by refusing to defer to the treating physicians' opinion without persuasive reasons. When this court had *de novo* review in workers' compensation cases, we tended to give greater weight to the conclusions of a claimant's treating physician, unless there were persuasive reasons not to do so. *See Taylor v. SAIF*, 75 Or App 583, 585, 706 P2d 1023 (1985). In 1987, the legislature eliminated *de novo* review and confined this court to reviewing the record for substantial evidence to support the Board's findings. ORS 183.482(8)(c); ORS 656.298(6); *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990).

■    Claimant argues that substantial evidence does not support the Board's order. Employer's doctors stated that the 1989 problems are not related to the 1985 injury. The Board found persuasive reasons for rejecting the opinions of claimant's treating physicians. One treating physician examined her more removed in time from her 1989 symptoms than did some of the other doctors. The Board found that he had discounted the effects of her obesity, which went against the weight of the evidence. It found that the other treating

physician incorrectly thought that her 1985 injury caused her spondylolisthesis and focused his testimony on his chiropractic treatments rather than the causation between the 1985 and 1989 injuries.

In *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988), we said:

> "[I]n a context which is likely frequently to occur in workers' compensation cases, if there are doctors on both sides of a medical issue, whichever way the Board finds the facts will probably have substantial evidentiary support. We would not need to choose sides."

This is such a case.

Finally, claimant asserts that the Board erred in failing to assess penalties and attorney fees. Because we affirm the Board on the merits, we do not address the question.

Affirmed.