On respondents' Motion for Sanctions filed March 20, motion for award of
sanctions against claimant's attorney allowed July 10, 1996

In the Matter of the Compensation of
David W. Winters, Claimant.

David W. WINTERS,
*Petitioner,*

*v.*

WOODBURN CARCRAFT COMPANY
and Reliance Insurance Company,
*Respondents.*

(94-08266; CA A89787)

920 P2d 1118

Richard D. Barber, Jr., and Bostwick Sheridan & Bronstein for motion.

Before Landau, Presiding Judge, and Richardson, Chief Judge, and Haselton, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Employer moves for an order imposing sanctions against claimant's attorney on the ground that claimant's petition for judicial review was frivolous. Claimant did not respond to the motion. We allow it and award attorney fees and costs in the amount of $1,645.75.

■     ORS 656.390(1) provides, in relevant part:

> "if either party * * * appeals for review of the [workers' compensation] claim to the Court of Appeals or to the Supreme Court * * * and the * * * court finds that the appeal * * * was frivolous or was filed in bad faith or for the purpose of harassment, the * * * court may impose an appropriate sanction upon the attorney who filed the * * * appeal * * *. The sanction may include an order to pay to the other party the amount of the reasonable expenses incurred by reason of the * * * appeal * * *, including a reasonable attorney fee."

From the disjunctive wording of the statute, it is apparent that an award of sanctions may be appropriate if a petition for judicial review of an order of the Workers' Compensation Board (Board) was "frivolous" or if the petition was filed in bad faith or if it was filed for the purpose of harassment. In other words, if we find that the petition for review was frivolous, that finding alone warrants the imposition of sanctions. In *Westfall v. Rust International*, 314 Or 553, 840 P2d 700 (1992), the Supreme Court held that an appeal is "frivolous" within the meaning of ORS 656.390

> "if every argument on appeal is one that a reasonable lawyer would know is not well grounded in fact, or that a reasonable lawyer would know is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law."

*Id.* at 559. In 1995, however, the legislature amended the statute to include a definition of "frivolous" in somewhat less forgiving terms:[1]

---

[1] The legislative history suggests that the amendment was drafted in direct response to the court's decision in *Westfall*. As Rep. Kevin Mannix, principal sponsor of the amendment, explained:

> "The term 'frivolous' is defined because there is a Supreme Court case that defines 'frivolous' so poorly that almost nothing will ever be frivolous because a

"As used in this section, 'frivolous' means the matter is not supported by substantial evidence or the matter is initiated without reasonable prospect of prevailing."

Or Laws 1995, ch 332, § 45 (codified at ORS 656.390(2)).

Employer does not argue that claimant's petition for judicial review was filed in bad faith or for the purpose of harassment. It does argue that the petition was frivolous in that claimant had no reasonable prospect of prevailing. According to employer, the only issue claimant raised on judicial review was whether the Board had correctly evaluated the conflicting expert testimony of the two physicians who offered testimony on the issue of compensability. Because we review the issue for substantial evidence on the whole record, employer argues, the petition cannot be regarded as anything but frivolous. After carefully reviewing the arguments of the parties, we reach the same conclusion.

Claimant injured his left knee at work in 1994. In his claim form, he responded that he had strained his knee about four years earlier. At the hearing, however, he testified that he had injured the knee twice before in motorcycle accidents. He said that the first accident occurred in 1974 and that his injuries were completely resolved. He said that the second accident, in 1987, resulted in only minor soreness. The chart notes from the 1987 examination, however, indicate that claimant complained of knee extension and locking problems for about ten years. Dr. Hoppert gave an opinion that claimant's current need for treatment was caused in major part by the 1994 injury. Dr. Duff stated that the 1994 incident was not the major contributing cause of the need for treatment but was instead only the "straw that broke the camel's back."

After finding the foregoing facts, the administrative law judge (ALJ) found that claimant was not credible, because of inconsistencies in his testimony as to his prior

---

lawyer can make an argument, as you probably know, about just about anything. We tried to come up with a definition of frivolous that's a real world definition that can be applied by reasonable people, not just by lawyers and judges."

Tape Recording, Senate Labor and Government Operations Committee, January 30, 1995, Tape 16, Side B at 185. Mannix offered a similar explanation to the House. Tape Recording, House Labor Committee, March 6, 1995, Tape 46, Side B at 72-135.

injuries. He further found that neither doctor's testimony was persuasive:

> "[B]oth of these doctors' opinions are expressed in 'check the block' reports that were written by the respective attorneys. I find neither to be persuasive. * * * Further, * * * it would appear that Dr. Hoppert has an incorrect or incomplete history upon which he has based his opinion. It is certainly clear that the incident at work on February 15, 1994, was the immediate precipitating cause for claimant's surgery. However, the legal test is 'major contributing cause[.]' * * * Here, neither doctor has made any analysis of the relative contribution of claimant's prior motorcycle accidents and the February 15, 1994, tripping incident at work. I conclude that claimant has failed in his burden of proof and that there is insufficient evidence to establish that the work incident on February 15, 1994, was the major contributing cause of claimant's resultant left knee condition and need for surgery."

The Board adopted and affirmed the ALJ's order.

On review, claimant argued that the Board erred "when it rejected the opinion of claimant's treating physician." In support of that assignment he argued:

> "When medical opinions differ greater weight is given to those opinions which are well-reasoned and based on the most complete information. *Somers v. SAIF*, 77 Or App 259, 263, 712 P2d 179 (1986). In this case there are two competing medical opinions, that of Jonathan Hoppert, M.D., claimant's treating physician, and that of William Duff, M.D., who performed an IME on July 1, 1994. Each of these opinions has its strengths, but on balance they weigh in favor of compensability."

Claimant then described Duff's testimony and argued that Duff equivocated somewhat on the issue of compensability. Following that, he described Hoppert's testimony and quoted from the several portions of it in which Hoppert concluded that the need for treatment was occasioned, in major part, by the 1994 incident. Claimant then concluded the argument with the following:

> "Generally greater weight is given to the treating doctor's opinion, unless there are persuasive reasons not to do so. *Weiland v. SAIF*, 64 Or App 810, 814[, 669 P2d 1163]

(1983). There is no persuasive reason in this case to discount the opinion of Dr. Hoppert."

Claimant then argued that the Board also erred in failing to award a penalty, because employer had untimely denied his claim. The argument had not been raised below, and claimant asserted no basis for considering it for the first time on review.

We affirmed without opinion, and employer's motion for sanctions followed. We turn, then, to an examination of whether the assignments of error claimant raised in his petition for judicial review were "frivolous" within the meaning of ORS 656.390(2).

██ As to the first assignment, claimant contended, purely and simply, that the Board did not weigh the competing testimony of the two physicians to his liking. His only arguments in support were that "on balance" the opinions of the physicians "weigh in favor of compensability" and that "there is no persuasive reason" to give lesser weight to the testimony of his physician. The trouble with claimant's assignment is that it failed to acknowledge, much less apply, this court's standard for reviewing the Board's evaluation of conflicting medical evidence. In appropriate cases, the Board properly may or may not give greater weight to the opinion of a treating physician. On review of the Board's decision, our role is limited to evaluating whether the Board's decision is supported by substantial evidence. ORS 183.482(8)(c). "Substantial evidence" consists of evidence that, when the record is viewed as a whole, would permit a reasonable person to make a finding. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988). Claimant's citations of authority for a different, more favorable standard of review were to cases that we decided under the long-superseded *de novo* standard of review.

Thus, claimant's petition did not dispute that the Board's order is supported by substantial evidence. Instead, invoking an inappropriate standard of review, claimant invited us to second-guess the Board's assessment of conflicting expert testimony. We lack such authority. Accordingly,

with respect to the first assignment of error, claimant's petition was filed "without reasonable prospect of prevailing." ORS 656.390(2).

Claimant's second assignment was similarly deficient. It raised an argument that clearly was not preserved and, as a result, had no reasonable prospect of success on review.

We find, therefore, that claimant's petition for review was frivolous within the meaning of ORS 656.390 and that an award of attorney fees against claimant's attorney is appropriate. Employer has submitted an affidavit in support of its motion establishing that it has incurred fees in the amount of $1,510.50 and costs of $135.25. We find those amounts to be reasonable and appropriate.

Motion for award of sanctions against claimant's attorney allowed in the amounts of $1,510.50 in attorney fees, plus $135.25 in costs.