Argued and submitted January 17, affirmed February 21, 2001

In the Matter of the Compensation of
Wayne A. Dillon, Claimant.

WAYNE A. DILLON,
*Petitioner,*

*v.*

WHIRLPOOL CORP.,
*Respondent.*

(99-07184, 99-03655; CA A111025)

19 P3d 951

Michael Strooband argued the cause for petitioner. With him on the brief was Bischoff, Strooband & Ousey, P.C.

Jerald P. Keene argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Claimant seeks review of an order of the Workers' Compensation Board (Board) affirming employer's denial of his claim for injury to his lower back. Claimant argues that the Board erred as a matter of law in failing to defer to the opinion of the treating physician as to the compensability of his claim and as a matter of fact in finding that he had failed to establish compensability. We affirm.

We take the facts from the findings of the Board. Claimant worked for employer as an appliance repair person. He had a prior history of injuries to his lower back. On July 1, 1998, in the course of his employment, claimant bent to pick up some appliance parts and experienced pain from his neck down to his lower back. He continued working for several weeks, but eventually sought chiropractic treatment and filed a report of occupational injury with employer. Claimant was treated by several physicians and ultimately was referred to a neurosurgeon, Dr. Gallo, who diagnosed back and leg pain due to a disc herniation and recommended surgery. Gallo operated on claimant's back, performing an L4-5 fusion.

Meanwhile, Dr. Thompson examined claimant for employer. Thompson obtained an accurate history and concluded that claimant suffered from lumbar and cervical strains and longstanding L4-5 degenerative disc disease. Employer issued a partial denial, accepting the strains but denying the herniated disc.

At hearing, both Gallo and Thompson agreed that claimant suffered from a preexisting condition, that is, L4-5 degenerative disc disease, before the July 1998 injury. The physicians also agreed that the preexisting condition combined with the July 1998 injury to create the current disability or need for treatment. Gallo, however, concluded that the 1998 injury was the major contributing cause of the combined condition, while Thompson concluded that the preexisting condition was the major contributing cause.

The administrative law judge (ALJ), and later the Board, found Gallo's opinion unpersuasive because of certain

errors in the medical history on which she relied and concluded that claimant failed to establish the compensability of the claim.

On review, claimant first urges that the Board erred:

"As both the ALJ and the Board failed to either give the treating neurosurgeon deference or provide justification for not giving deference, the Board's order is contrary to law and must be reversed."

In support of his contention, claimant relies on *Argonaut Insurance Company v. Mageske*, 93 Or App 698, 763 P2d 1202 (1988), which he reads to require the factfinder to give "special deference" to opinions of treating physicians.

Employer responds that there is no such rule of law. According to employer, *Mageske* and other cases do not stand for a rule of law that the opinions of treating physicians must receive greater weight, but rather merely reflect the practices of this court during an era in which it reviewed workers' compensation decisions on a *de novo* basis. Under current law, employer argues, the findings of the Board must be affirmed on review if they are supported by substantial evidence. We agree with employer.

Before 1987, this court reviewed findings of the Board *de novo*; indeed, under the statutes applicable during that time, this court could take additional evidence. ORS 656.298(6) (1985). In the context of that *de novo* review, we noted in a number of decisions a tendency to give greater weight to the opinion of a treating physician in cases in which the medical evidence was divided, because the record revealed that the treating physician had more complete knowledge of the relevant facts. It bears emphasis that we have never announced a rule of law that we, the Board, or any other finder of fact *must* give greater weight to the opinions of treating physicians under any circumstances.

*Mageske* illustrates the prior practice. In that case, we reviewed the employer's denial of the claimant's claim for thoracic outlet syndrome (TOS). The claimant's physician, Dr. Silver, concluded that the claimant's condition was the

result of a work-related injury, while the employer's physicians testified to the contrary. On *de novo* review, we concluded that:

> "Silver's testimony established that claimant's injury was compensable. Although there was contradictory medical evidence, even the physicians who did not agree with Silver's theory testified that he is a qualified physician held in high regard in the medical community. They also conceded that TOS is an area of medical science where there is considerable controversy among experts. Silver was claimant's treating physician for a substantial time and, as the treating physician, was able to observe claimant's shoulder during surgery. * * * Because of his first-hand exposure to and knowledge of claimant's condition, we give his opinion great weight."

93 Or App at 702. Thus, we did not give weight to Silver's opinion merely because he claimed the label "treating physician," but because the record showed that, as the treating physician, Silver had better information about the claimant's condition.

To similar effect is our opinion in *Weiland v. SAIF*, 64 Or App 810, 669 P2d 1163 (1983). In that case, we noted our tendency to give greater weight to the opinions of treating physicians in the absence of persuasive reasons not to do so. *Id.* at 814. We then explained that we gave greater weight to the treating physician in that particular case because he had the opportunity to see the claimant between 80 and 90 times and therefore "had a much better opportunity to evaluate claimant's condition than either of [the employer's] doctors, who examined him on a very limited basis." *Id.*

■■ In 1987, the legislature amended ORS 656.298 to eliminate *de novo* review of Board decisions. Or Laws 1987, ch 884, § 12a; *see Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990). We are now required to affirm the Board's findings of fact when the record, viewed as a whole, would permit a reasonable person to make such a finding. ORS 656.298(7); ORS 183.482(8). As we explained in *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988):

"[I]n a context which is likely frequently to occur in workers' compensation cases, if there are doctors on both sides of a medical issue, whichever way the Board finds the facts will probably have substantial evidentiary support. We would not need to choose sides. * * * [T]he substantial evidence test * * * will be decisive only when the credible evidence apparently weighs overwhelmingly in favor of one finding and the Board finds the other without giving a persuasive explanation."

Thus, while under the previous standard of review, divided medical opinion led us as finders of fact frequently to give greater weight to the opinions of treating physicians, under the current standard of review that prior tendency is irrelevant. We no longer review Board decisions *de novo*. Under the current statutory scheme, divided medical opinion leaves the Board in the position of evaluating the evidence. The Board properly may or may not give greater weight to the opinion of the treating physician, depending on the record in each case. On review, we will affirm the Board's findings so long as substantial evidence supports them. *Winters v. Woodburn Carcraft Co.*, 142 Or App 182, 187, 920 P2d 1118 (1996); *Queener v. United Employers Ins.*, 113 Or App 364, 367, 832 P2d 1265, *rev den* 314 Or 176 (1992).

■ In the alternative, claimant argues that, even assuming that the Board did not err as a matter of law, its findings as to the conflicting medical evidence are not supported by substantial evidence. We have reviewed the record as a whole and conclude that the Board's findings are amply supported.

Affirmed.