On respondent's motion for award of sanctions for frivolous appeal per ORS 656.390 filed November 2; response of Liberty Northwest and Bruers Contract Cutting to claimant's request for sanctions filed November 16; and reply in support of respondent's petition for award of sanctions for frivolous appeal per ORS 656.390 filed November 18, 2004, motion for sanctions allowed; sanction awarded in amount of $5,812.50 February 16, petition for review denied April 26, 2005 (338 Or 488)

In the Matter of the Compensation of
Lewis T. Hughes, Claimant.

LIBERTY NORTHWEST INSURANCE CORP.
and Bruers Contract Cutting,
*Petitioners,*

*v.*

Lewis T. HUGHES,
*Respondent.*

02-06641; A122240

106 P3d 687

David C. Force for motion.

David O. Wilson *contra.*

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

In this workers' compensation case, we affirmed without opinion petitioners Liberty Northwest Insurance Corporation and Bruers Contract Cutting's (Liberty Northwest) petition for judicial review of an order of the Workers' Compensation Board assessing a penalty against Liberty Northwest for its failure to timely pay an amount of compensation. *Liberty Northwest Ins. Corp. v. Hughes*, 194 Or App 603, 96 P3d 367 (2004). Respondent Lewis Hughes (claimant) filed a petition seeking attorney fees under ORS 656.382(2). By order we denied the petition on the ground that the statute authorizes insurer-paid attorney fees when the insurer refuses to pay compensation when due but that a penalty is not compensation. Therefore, ORS 656.382(2) did not authorize insurer-paid attorney fees under those circumstances. Claimant has filed a petition for review of that order with the Supreme Court.

In addition to filing a petition for attorney fees under ORS 656.382, claimant filed a motion for award of sanctions under ORS 656.390. For the reasons that follow, we allow the motion for award of sanctions under ORS 656.390.

The facts are primarily procedural and are not disputed. In 2001, claimant sustained a compensable injury, which Liberty Northwest accepted. Liberty Northwest issued a notice of closure but did not award any permanent partial disability (PPD). Claimant requested review, and an order on reconsideration awarded claimant one percent PPD and ordered Liberty Northwest to pay claimant $981.68. Liberty Northwest did not request a hearing, but it refused to pay the PPD. Claimant requested a hearing, seeking payment of benefits, a penalty, and assessed attorney fees due to Liberty Northwest's failure to timely pay the PPD award. The administrative law judge (ALJ) concluded that, based on the analysis in an earlier case, Liberty Northwest was required to pay the award of compensation. However, the ALJ concluded that an ambiguity between two administrative rules created a legitimate doubt concerning Liberty Northwest's duty to pay and, therefore, denied claimant's request for a penalty.

Claimant appealed to the board, arguing that the ALJ erred in declining to assess a penalty against Liberty Northwest due to its failure to pay the award of compensation. The board agreed with claimant that Liberty Northwest had an unambiguous duty to pay the award of PPD. First, the board found no ambiguity between the two administrative rules. Second, it held that Liberty Northwest's reliance on the earlier case—that is, the case on which the ALJ also relied—was misplaced because one of the administrative rules on which that case depended had been amended to make clear that an insurer had a duty to pay the award of compensation in an order on reconsideration. Accordingly, the board concluded that Liberty Northwest did not have a legitimate doubt as to its duty to pay the award of compensation and assessed a 25 percent penalty under ORS 656.262(11)(a).

Liberty Northwest petitioned for judicial review on August 11, 2003, arguing that the board erred in assessing a penalty. We affirmed without issuing an opinion. *Hughes*, 194 Or App 603. As previously discussed, we denied claimant's petition for attorney fees under ORS 656.382.

Claimant also filed a motion for sanctions under ORS 656.390, which provides, in part:

"(1)   Notwithstanding ORS 656.236, if either party * * * appeals for review of the claim to the Court of Appeals * * * and the * * * court finds that the appeal * * * was frivolous or was filed in bad faith or for the purpose of harassment, the * * * court may impose an appropriate sanction upon the attorney who filed the * * * appeal or motion. The sanction may include an order to pay to the other party the amount of the reasonable expenses incurred by reason of the * * * appeal or motion, including a reasonable attorney fee.

"(2)   As used in this section, 'frivolous' means the matter is not supported by substantial evidence or the matter is initiated without reasonable prospect of prevailing."

ORS 656.390 was adopted in 1987. We first interpreted the statute in *Westfall v. Rust International*, 104 Or App 132, 798 P2d 1124 (1990), *adh'd to on recons*, 107 Or App 395, 82 P2d 31 (1991), and awarded attorney fees as a sanction. The Supreme Court reversed and remanded for our

reconsideration in light of *Mattiza v. Foster*, 311 Or 1, 803 P2d 723 (1990). *Westfall v. Rust International*, 312 Or 34, 815 P2d 1272 (1991). On remand, we again imposed a sanction against the claimant's attorney for filing a frivolous appeal because the attorney attempted to turn a substantial evidence case into a case raising an error of law. *Westfall v. Rust International*, 111 Or App 289, 826 P2d 64 (1992). The Supreme Court again reversed, saying that the lawyer's argument "was not one that a reasonable lawyer would know was not warranted by a reasonable argument for the extension or modification of existing law. Therefore, the appeal was not 'frivolous' within the meaning of ORS 656.390." *Westfall v. Rust International*, 314 Or 553, 565, 840 P2d 700 (1992). In response to the court's final decision in *Westfall*, the legislature adopted ORS 656.390(2) to make clear that neither malice nor bad faith was a prerequisite to determining that an appeal was frivolous.

Our only other decision interpreting ORS 656.390 is *Winters v. Woodburn Carcraft Co.*, 142 Or App 182, 920 P2d 1118 (1996), in which we imposed a sanction against the claimant's attorney for filing a petition for judicial review while conceding that the board's order was supported by substantial evidence. We have generally been reluctant to assess a sanction under ORS 656.390.

■ In support of his motion, claimant argues that the board found that Liberty Northwest's contention before it was unreasonable and imposed a penalty and that we should follow the board's example by imposing a sanction on Liberty Northwest's attorney for filing a frivolous petition in this court.[1] Liberty Northwest counters that the ALJ agreed with it that the applicable rule was ambiguous and, therefore, that Liberty Northwest had a legitimate doubt concerning its obligation to pay the compensation awarded in the order on reconsideration. In Liberty Northwest's view, the amendment to the administrative rule did not alter its meaning. Thus, Liberty Northwest argues that it had a good faith basis for appealing to the board and petitioning for judicial review

---

[1] Claimant also argues that the petition for judicial review was filed in bad faith and for purposes of harassment. We reject those arguments without further discussion.

of the board's order. We disagree with Liberty Northwest's analysis.

First, OAR 436-060-0150(7) is not ambiguous and clearly provides that claimant's benefits were due 30 days after Liberty Northwest was ordered to pay them. That rule provides, in part:

> "Permanent disability and fatal benefits shall be paid no later than the 30th day after:
>
> "* * * * *
>
> "(c)   The date of *any division order*, including, but not limited to, *a* reconsideration *order*, which orders payment of compensation for permanent disability;
>
> "(d)   The date any litigation authorizing permanent partial disability becomes final[.]"

(Emphasis added.) Second, Liberty Northwest had sufficient time to apprise itself of the current state of the law. The administrative rule was amended in 2001. The order on reconsideration was issued in August 2002. Third, any doubt concerning Liberty Northwest's obligation to pay the award of compensation was resolved by the board's order in this case.

■       Whether an insurer has a legitimate doubt concerning its processing obligations under the Workers' Compensation Law must be based on that insurer's knowledge at the time that it acts. *Brown v. Argonaut Insurance Company*, 93 Or App 588, 591, 763 P2d 408 (1988). At issue in *Brown* was a denial based on the lack of supporting medical evidence. The insurer argued that, at the time of its denial, it had a legitimate doubt as to its liability. The claimant argued that she was entitled to a penalty based on later-received medical evidence. The board disagreed. On review, we discussed an insurer's duty. We held that, "[a]fter an insurer reasonably denies a claim for medical services on the basis that they were unrelated to the compensable condition, continuation of that denial in the light of new medical evidence becomes unreasonable if, but only if, the new evidence destroys any legitimate doubt about liability." *Id*. at 592.

In some circumstances, additional information, either factual or medical, becomes available and establishes that the insurer's former position is no longer accurate. Under such circumstances an insurer has an obligation to issue an amended decision. Likewise, an insurer's interpretation of a statute or administrative rule that once was tenable may no longer be tenable. An insurer has a continuing obligation to reconsider its position based on the current status of the law.

Here, Liberty Northwest's August 11, 2003, petition for judicial review of the board's order was frivolous. The amendment of the administrative rule in 2001 and the board's order in this case both establish that Liberty Northwest's petition for judicial review was "initiated without reasonable prospect of prevailing." ORS 656.390(2). Claimant is entitled to a sanction under ORS 656.390.

Motion for sanctions allowed; sanction awarded in amount of $5,812.50.