Argued and submitted December 20, 2007, affirmed July 23, 2008

In the Matter of the Compensation of
Ray W. Bluemer, Claimant.

Ray W. BLUEMER,
*Petitioner,*

*v.*

SOUTHLAND INDUSTRIES
and Unistrut Corporation - Tyco,
*Respondents.*

Workers' Compensation Board
0305914, 0405613; A134338

190 P3d 418

Gayle A. Shields argued the cause and filed the briefs for petitioner.

David L. Johnstone argued the cause for respondent Southland Industries. With him on the brief was VavRosky MacColl Olson P.C.

Thomas P. Huynh argued the cause for respondent Unistrut Corporation - Tyco. On the brief was Howard R. Nielsen.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

### LANDAU, P. J.

In this workers' compensation case, the issue is which of two employers is responsible for claimant's collapsed disc at L4-5. The Workers' Compensation Board (board) determined that the collapsed disc is a consequential condition and that claimant's former employer, Unistrut Corporation, is responsible for it. Claimant seeks review of that determination, arguing that he suffers from a combined—not a consequential—condition that is the responsibility of his subsequent employer, Southland Industries. Additionally and alternatively, claimant asserts that the board erred in failing to treat his condition as an occupational disease. Unistrut joins in claimant's contention that the board incorrectly assigned responsibility for the condition. We affirm.

The relevant facts are not in dispute. In 1997, claimant worked as a construction carpenter and superintendent at Unistrut. In March of that year, he injured his lower back when he stepped off a trailer, slipped, and fell. Unistrut accepted a claim for L4-5 herniated disc on the left. Claimant had two surgeries to repair the disc. Unistrut closed the claim in February 1998 with an award of 14 percent permanent partial disability.

In June 1998, claimant underwent a third surgery to repair the disc. Unistrut reopened the claim as an aggravation, paid for the surgery, and closed the claim in August 1999, with no additional award of permanent partial disability. At the time, claimant's physician noted that, at some time in the future, claimant might be a candidate for a fusion at L4-5.

In 1999, claimant began working for Southland as a carpenter building "clean rooms." Despite long hours of physical labor and regularly lifting 80 to 100 pounds, claimant had no further back problems until February 2003, when he felt intense back pain while stabilizing a 250-pound metal door that he and a coworker were attempting to load into a cart. An urgent care doctor diagnosed a lumbar strain and prescribed medication and physical therapy. An MRI on February 11, 2003, revealed that claimant had severe disc

disease at L4-5, that claimant's L4-5 disc space was nearly obliterated, and that he had a small recurrent left disc herniation at L4-5.

Southland accepted a claim for lumbar strain. Claimant suffered intractable pain in any position and with any activity. His physician treated him conservatively until August 2003, when he recommended a surgical fusion at L4-5. Following the surgery, claimant considered himself to be 98 percent improved; however, he is permanently restricted from lifting more than 10 to 15 pounds, and his range of motion is limited.

Claimant requested that Southland accept the collapsed L4-5 disc as a combined condition or as an occupational disease. Southland denied the compensability of both claims, asserting that claimant's condition was preexisting and was neither caused nor worsened by his injury of February 2003. On its own motion, Unistrut, claimant's former employer, accepted a claim for aggravation, which it described as "recurrent L4-5 disc herniation," and paid claimant benefits for treatment and temporary disability. It did not, however, pay any additional permanent partial disability or accept responsibility for the underlying diagnosed condition of a "collapsed disc." Unistrut explained in its denial that the collapsed disc was due in major part to the February 2003 injury that claimant sustained while working for Southland. Claimant sought a hearing.

Medical opinions differed as to whether the complete collapse of claimant's L4-5 disc space was the result of a gradual process of narrowing without contribution from the February 2003 injury, or whether the February 2003 injury contributed independently to the collapse. Dr. Ordonez, who treated claimant for both the 1997 and 2003 injuries, opined that the 2003 work incident was the major contributing cause of the collapsed disc. Dr. Rosenbaum, an employer-arranged medical examiner, concluded that the 1997 injury, with its related surgeries, was the major contributing cause of the condition. Several other medical experts also offered support of Ordonez's or Rosenbaum's conclusions.

The administrative law judge (ALJ) found that there was a combined condition, under ORS 656.005(7)(a)(B), as a result of the 2003 injury and the preexisting L4-5 condition that occurred as a result of the 1997 injury. The ALJ noted that, under ORS 656.266(2), it was Southland's burden to demonstrate that the 2003 injury was *not* the major contributing cause of the disability or need for treatment. He then found that, based on what he regarded as the more persuasive opinions of Ordonez and others, Southland had failed in its burden. The ALJ assigned responsibility to Southland under the last-injury rule of *Industrial Indemnity Co. v. Kearns*, 70 Or App 583, 690 P2d 1068 (1984). As for claimant's contention that the claim should be analyzed as an occupational disease, the ALJ found that claimant had failed in his burden; the ALJ found claimant's medical evidence unpersuasive.

Southland requested board review. On review, the board analyzed the claim as a consequential condition under ORS 656.005(7)(a)(A), finding that, contrary to the determination of the ALJ, the medical opinions of Rosenbaum and others were more persuasive and that the major contributing cause of the disability or need for treatment was the 1997 injury. The board noted that, for the same reason, the collapsed disc was not compensable as a combined condition resulting from the 2003 injury. The board then concluded that, under *SAIF v. Webb*, 181 Or App 205, 45 P3d 950 (2002), the employer with an accepted claim is responsible for the consequential condition if the accepted injury is the major contributing cause. In this case, the board concluded, because Unistrut was the employer with an accepted claim based on the 1997 injury, and because that injury is the major contributing cause for the current disability or need for treatment, Unistrut remains responsible. Regarding claimant's claim for an occupational disease, the board affirmed the ALJ.

■ In his first assignment of error, claimant asserts that the board erred as a matter of law in treating his condition as a consequential condition rather than as a combined condition. The difference is the burden of proof, which claimant contends is dispositive in this case. According to claimant, the question in a consequential condition case is whether the *claimant* has established that a particular injury is the major

contributing cause of the consequential condition. In contrast, he contends, the question in a combined condition case is whether the *employer* can establish that a particular injury is *not* the major contributing cause of the combined condition. In this case, he argues, Southland could not meet its burden because the medical opinions of Rosenbaum and others were less persuasive than those of Ordonez and those who concurred with him. Unistrut concurs in claimant's arguments with respect to the compensability of claimant's condition.

Southland contends that the board did not forget to analyze claimant's condition as a combined condition. According to Southland, once the board analyzed the claim as a consequential condition and determined that the major contributing cause was the 1997 injury, that necessarily disposed of the analysis as a combined condition, as—regardless of who has the burden of proof—there can be only one major contributing cause of a condition.

■ ORS 656.005(7)(a)(A) sets out the requirements for establishing a consequential condition. It provides that "[n]o injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition." Claimant has the burden of proving the existence of a consequential condition. *Jackson County v. Wehren*, 186 Or App 555, 559, 63 P3d 1233 (2003).

ORS 656.005(7)(a)(B) sets out the requirements for establishing a combined condition. It provides that,

"[i]f an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

ORS 656.266(2)(a) further provides that,

"[o]nce the worker establishes an otherwise compensable injury, the employer shall bear the burden of proof to

establish the otherwise compensable injury is not, or is no longer, the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

Thus, claimant is correct that different burdens of proof may apply to claims for consequential and combined conditions; no one, in fact, contests that much. What the parties do contest is whether, given the board's finding that the 1997 injury is the major contributing cause of the disability or need for treatment, the assignment of the burden of proof matters at this point.

We conclude that the board's finding makes it unnecessary for us to determine whether the board properly applied the shifting burden of proof described in ORS 656.266(2) in its evaluation of this claim. In *Marvin Wood Products v. Callow*, 171 Or App 175, 179-80, 14 P3d 686 (2000), we explained the significance of the allocation of the burden of proof in ORS 656.266 in the following terms:

"The purpose of the burden of proof in that regard is the same as in other legal contexts: to allocate the risk of non-persuasion. In effect, assignment of the burden of proof is a way to declare which party loses if the evidence on an issue appears to be equally balanced or if the factfinder cannot say upon which side the evidence weighs more heavily. * * *

"Logically, the allocation of the burden of proof has its greatest relevance at the stage of the proceeding in which the record is developed and a factfinder initially resolves the issues in dispute. At that stage, the failure to produce evidence at all, or the failure of the evidence produced to persuade the factfinder, will be fatal to the party with the burden of proof. But at subsequent levels of review, the significance of the burden of proof depends on the nature of the review to be performed. If review is *de novo*—in which case the reviewing body has license to reweigh the facts and reassess the persuasive force of the evidence—the risk of nonpersuasion (and, hence, the burden of proof) potentially can remain a factor in determining which party prevails. When review is not *de novo*, however, the only factual review performed is for the *sufficiency* of evidence pursuant to a standard that essentially tests whether a rational or

reasonable factfinder could have been persuaded by the evidence; the reviewing body does not weigh the evidence anew or otherwise decide whether to reach the same result as the initial factfinder. In such a case, no burden remains on the party to *persuade* the reviewing body of the truth of the factual evidence produced, and neither party can be said to bear the risk of factual nonpersuasion in the same way that the risk is borne at the factfinding level."

(Emphases in original; footnotes omitted.)

When judicial review is not *de novo*, whether the factfinder has correctly applied the burden of proof depends on whether the evidentiary record in support of the factfinder's findings is sufficient pursuant to the correct standard of review. *See Portland Assn. Teachers v. Mult. Sch. Dist. No. 1*, 171 Or App 616, 626-27, 16 P3d 1189 (2000) (In testing whether the record supports the Employment Relations Board's resolution of the issue, we do not focus on elements or a *prima facie* case or shifting burdens of proof but on whether the board correctly identified the applicable legal principles, and for substantial evidence and substantial reason.).

In this case, we do not review the board's findings of fact *de novo*; rather, we review those findings for substantial evidence. ORS 183.482(8). Substantial evidence supports a finding when the record, viewed as a whole, permits a reasonable person to make the finding. ORS 183.482(8)(c); *Garcia v. Boise Cascade Corp.*, 309 Or 292, 295, 787 P2d 884 (1990).

The board found, as fact, that the major contributing cause of claimant's condition was the 1997 injury, not the 2003 injury. It did so on the basis of its evaluation of the evidence proffered by all parties. This is not a case in which the evidence was equally balanced and the board could not say on which side the evidence weighed more heavily. To the contrary, although there certainly was an abundance of conflicting expert testimony, the board clearly found more persuasive the medical evidence that supported its finding. The only question at this point is whether the board's finding concerning the major contributing cause of claimant's condition is supported by substantial evidence. We have carefully reviewed the record and conclude that the board's finding is indeed supported by substantial evidence.

That finding is dispositive. As we have noted, ORS 656.005(7)(a)(B) provides that a combined condition is compensable only if an otherwise compensable injury combines with a preexisting condition and the otherwise compensable condition is the major contributing cause of the resulting disability or need for treatment of the combined condition. In this case, the otherwise compensable injury is the 2003 injury, which the board has found was *not* the major contributing cause of the disability or need for treatment of the combined condition. That is all the law requires, regardless of who had the burden of proof before the board.

Claimant insists that this is an exceptional case in which the allocation of the burden of proof makes a difference because the medical testimony on which the board relied in finding that the 1997 injury was the major contributing cause of his condition was legally insufficient. According to claimant, Rosenbaum and the experts who concurred with him did not persuasively address the relative contributions of each cause of a condition, particularly in light of what claimant regards as the more persuasive opinion of Ordonez. Citing *Somers v. SAIF*, 77 Or App 259, 712 P2d 179 (1986), claimant contends that the board erred in not giving more weight to the opinion of Ordonez, who was the treating physician and who relied on a more complete medical history.

Claimant's contention, however, does not identify a *legal* deficiency in the evidence on which the board relied; rather, it suggests that the board improperly weighed the evidence. We have already concluded that, in weighing the evidence, the board did not err in light of our standard of review, and that is dispositive. Claimant's reliance on *Somers* betrays a misunderstanding of our review function under current law. That case dates from a time when we reviewed findings of the board *de novo* and has been superseded by statutory changes that long ago altered the standard of review. *See generally Dillon v. Whirlpool Corp.*, 172 Or App 484, 489, 19 P3d 951 (2001) ("Thus, while under the previous standard of review, divided medical opinion led us as finders of fact frequently to give greater weight to the opinions of treating physicians, under the current standard of review that prior tendency is irrelevant."). We conclude that the board did not err in analyzing the claim as a consequential,

as opposed to a combined, condition and did not thereby misallocate the burden of proof.

■　　In his second assignment of error, claimant contends that the board erred in failing to treat his condition as an occupational disease. We have reviewed the record and conclude that the board's finding that claimant's condition is not an occupational disease is supported by substantial evidence. We therefore reject the assignment without further discussion.

Affirmed.