Argued and submitted February 1, affirmed October 2, 2002

## Gary J. KNISS,
*Petitioner,*

*v.*

## PUBLIC EMPLOYEES RETIREMENT BOARD,
*Respondent.*

## 98-0327; A114206

55 P3d 526

Bradley P. Avakian argued the cause and filed the brief for petitioner.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Armstrong, Presiding Judge, and Landau and Kistler, Judges.

LANDAU, J.

## LANDAU, J.

The Public Employees Retirement Board (board) denied claimant's request for disability retirement benefits on the ground that he had failed to establish that employment was the cause of his coronary artery disease. Claimant seeks review, arguing that the board erred in requiring him to prove that employment was more than merely a contributing factor to his disease. We affirm.

We take the facts from the board's final order. Claimant worked as a firefighter for the City of Beaverton, a participating employer in the Public Employee Retirement System (PERS), from 1978 to 1998. He was promoted to training officer in 1988. As a training officer, he was exposed to fire conditions, burning substances, and products of incomplete combustion more often than the average firefighter.

In 1995, claimant was diagnosed with coronary artery disease and was admitted to the hospital. His treating cardiologist noted that claimant had a history of arterial hypertension, along with elevated cholesterol and mild obesity. He underwent a coronary angioplasty, was discharged, and returned to work.

In 1998, claimant had triple coronary bypass surgery. Upon discharge, he applied for disability retirement benefits, listing cardiac problems as the disabling condition. He supplied a report from his cardiologist, which stated that work was not the material cause of his condition, but was a contributing factor. Claimant also supplied a report from his treating physician, who opined that work was the major cause of his coronary artery disease. The board obtained the opinions of two other physicians, both of whom concluded that claimant's work was a negligible factor, if any, in his coronary disease. Instead, they explained, claimant's condition was a result of cholesterol or lipid abnormality and hypertension, with additional risk factors of family history and obesity.

At the hearing before a hearing officer, counsel for PERS explained that the proceeding was governed by ORS 238.320(1), which provides for an award of benefits only for an "injury or disease sustained while in actual performance

of duty." Counsel further explained that, to implement that statute, the board had promulgated OAR 459-015-0010(5)(a), which provides that a claimant is entitled to disability retirement benefits only if work was "the material contributing cause of the injury or disease." Claimant replied that counsel "correctly states the legal standard that applies." According to claimant, the only issue was whether he could prove that work was the material cause of his disease and disability. As to that issue, he contended that he "by far met the material contributing cause standard."

The hearing officer found that claimant had not established that his duties as a firefighter were the material cause of his coronary artery disease. According to the hearing officer, in requiring that claimant establish that his duties are "the material contributing cause" of his disease, the administrative rule requires those duties to be "more of a cause than other, non-employment related causes." In his comments on the proposed order, claimant once again acknowledged the applicability of the material cause standard, commenting that "[t]he duties must be the material contributing cause and not merely a cause." Claimant further acknowledged that "[w]e believe that [the hearing officer's] interpretation is correct." What he challenged was the hearing officer's finding that he had not met the standard of the rule. According to claimant, as a matter of fact, "there is no medical evidence that any non-work related factor was a greater cause of appellant's coronary artery disease than his firefighting."

Following a second hearing, the board rejected claimant's request for disability retirement benefits. The board evaluated the various opinions of the physicians who had examined claimant and concluded that, while claimant may have established that certain aspects of his work contributed to his condition, he failed to establish that work was the primary or most significant cause of it. The board expressly found that the opinions of the independent physicians were more persuasive than those of claimant's treating physicians.

On review, claimant's principal argument is that the board applied the wrong standard of proof. According to

claimant, OAR 459-015-0010(5)(a) is invalid and the board's interpretation of it unlawful. He contends that "[t]he material contributing cause language itself is not grounded in statutory language" and that all ORS 238.320 requires is "but-for" causation, that is, proof that he "would not have had the disease without the work exposure."

■　　Before we may reach the merits of claimant's argument, however, we first must determine whether it has been preserved. Even when lack of preservation has not been asserted by the opposing party, we have an obligation to satisfy ourselves that an argument in fact has been preserved. *State v. Wyatt*, 331 Or 335, 346-47, 15 P3d 22 (2000).

■　　In this case, claimant failed to preserve any argument as to the validity of the administrative rule that prescribes the material cause standard. Nor did he preserve any argument as to the proper interpretation of the rule. He clearly, and repeatedly, confirmed his agreement that the material contributing cause standard of OAR 459-015-0010(5)(a) applied and that the hearing officer's and board's interpretation of it was correct. His sole argument to the hearing officer and the board was that both had failed properly to evaluate the evidence and that, in fact, he had demonstrated that his duties were—in his words—"the greater cause" of his coronary heart disease. Nowhere in the record before the hearing officer or the board is there any mention of the standard of proof that claimant now advances as the only one that is consistent with ORS 238.320. As a result, neither the hearing officer nor the board had a fair opportunity to address the arguments that he now makes, and we will not do so for the first time on review. *See Wyatt*, 331 Or at 343 (a party must provide the lower tribunal "with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately").

Claimant's remaining argument is that the board erred "in rejecting the expert opinions of claimant's primary care physician and his treating cardiologist and instead accepted the opinions of the two PERS expert witness physicians." He asserts that his witnesses had many years of experience and actually had treated him over an extended period

of time. In contrast, he notes, the other expert witnesses did not treat or examine him. As a result, he concludes that "[t]he expert testimony offered by PERS lacks substantial evidence."

■ We review the board's findings of fact for substantial evidence. ORS 183.482(8)(c). "Substantial evidence" exists when the record, viewed as a whole, would permit a reasonable person to make the challenged finding. *Id.* In cases in which expert witnesses testify on both sides of a contested issue, our function is not to weigh the evidence anew to determine which we find more persuasive; it is to determine only whether a reasonable person could weigh the evidence as the finder of fact did. *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 206, 752 P2d 312 (1988).

■ In this case, claimant's sole contention is that the board lacked sufficient reason to reject the opinion of his treating physicians. There is, however, no rule of law that requires deference to a treating physician. *See, e.g., Dillon v. Whirlpool Corp.*, 172 Or App 484, 488-89, 19 P3d 951 (2001) (no rule of law requires deference to workers' compensation claimant's treating physician). The board carefully evaluated the testimony of all of the experts who testified and found the testimony of claimant's treating physicians less persuasive. We have examined the record as a whole and find no basis for concluding that the board was unreasonable in doing so.

Affirmed.