Argued and submitted May 30, 2001, affirmed October 16, 2002

Melody R. GILDROY,
*Petitioner,*

*v.*

BOARD OF TAX SERVICE EXAMINERS,
*Respondent.*

294; A108175

56 P3d 441

Vic Devlaeminck argued the cause and filed the brief for petitioner.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Kistler, Judge.

DEITS, C. J.

---

* Deits, C. J., *vice* Armstrong, J.

## DEITS, C. J.

Licensee seeks judicial review of a corrected final order on reconsideration of the Board of Tax Service Examiners revoking her tax consultant's license and imposing a civil penalty for her violation of the board's administrative rules that govern the conduct of tax consultants.[1] We affirm.

Because licensee does not challenge the board's findings of fact, they are binding on review. *Lee v. Appraiser Certification and Licensure Board*, 160 Or App 622, 624, 981 P2d 825 (1999). Licensee was licensed as a tax consultant. She was employed by a tax preparation business, Wilen and Associates (Wilen). In October 1998, licensee left her job at Wilen. When she left, she took computer discs onto which she had copied files that contained confidential tax information concerning 170 clients. Those client files were the property of Wilen. Licensee did not advise Wilen that she was taking the information. Between October and December 1998, licensee sent letters to those clients using a letterhead that she created for "Wilen & Associates, Tax Specialists." The letters included an address at which the clients could reach licensee.

In December 1998, licensee began working for Larry Kjelden at "Add + Vantage Accounting & Tax Services." Licensee told Kjelden that she was bringing 170 clients to the business. When she began working for her new employer, licensee copied all of the confidential files onto the hard drive of at least one of Kjelden's computers. Kjelden had access to all of the files. In January 1999, licensee sent out "tax organizers" to the clients. The tax organizers that she sent out included the names and addresses of the individuals, their Social Security numbers, and past tax information. An "engagement letter" soliciting their business also was sent with each tax organizer. At least one person complained

---

[1] On October 21, 1999, licensee filed a petition for judicial review of the board's final order. On May 1, 2000, the board withdrew its order for purposes of reconsideration. On June 20, 2000, the board filed its final order on reconsideration. However, on July 28, 2000, the board withdrew that order for purposes of reconsideration. The board filed its corrected final order on reconsideration on August 22, 2000. Licensee filed an amended petition for judicial review on October 19, 2000. The board's corrected final order on reconsideration is the subject of this judicial review proceeding.

about the use of this confidential information by licensee, and a complaint was filed with the board.

In August 1999, the board held a contested case hearing on the matter and, after hearing the evidence, issued a final order revoking licensee's tax consultant's license and imposing a civil penalty of $5,000. In August 2000, the board filed its corrected final order on reconsideration. In that order, the board made findings of fact and, after an extensive discussion of the facts and applicable law, concluded that licensee had violated the following board rules regulating tax consultants: OAR 800-025-0070(1), OAR 800-010-0020(1)(a), OAR 800-010-0050(2), OAR 800-010-0025(8), and OAR 800-010-0025(9).[2] Based on those violations, the board revoked licensee's license and imposed a $5,000 civil penalty.

■     On review, licensee first assigns error to the board's conclusion that she violated OAR 800-025-0070 by taking copies of the confidential client files.[3] OAR 800-025-0070 provides:

"(1)   If a tax consultant is employed by another tax consultant, the records shall be kept by the employing tax consultant.

"(2)   If the tax consultant who has been designated as responsible for the tax return preparation activities and decisions of the corporation, firm or partnership, ceases to be connected with the corporation, firm or partnership the records shall be retained by the corporation, firm or partnership."

The board interpreted the term "records" as used in the rule to apply to both original records and copies. Consequently, it interpreted the rule to require an employing tax consultant to retain all client records and to prohibit an employee tax consultant from taking copies of those records. Licensee

---

[2] The board found that the events at issue in this case began in October 1998. As noted above, the board eventually issued its corrected final order on reconsideration in August 2000. Because the pertinent language of the statutes and rules cited in this opinion remained the same throughout that entire time period, all references to those statutes and rules are to the language in effect during that time. We note, however, that several of the statutes and rules cited in this opinion were amended in 2001.

[3] Licensee does not challenge the board's conclusion that she violated the four other board rules.

argues that the term "records" in OAR 800-025-0070 refers to original records; thus, because the *original records* in this case were retained by Wilen, she did not violate the rule.[4] Additionally, licensee asserts that the board's interpretation of the rule is inconsistent with ORS 673.690, which provides:

> "Every person licensed as a tax consultant shall keep records of all personal income tax returns prepared by the person, or in the preparation of which advice or assistance of the person has been given. The records of the returns shall be kept for a period of not less than four years after the date of the preparation, advice or assistance."

Licensee argues that "the interpretation of the [b]oard would give the [b]oard the authority to prosecute a tax consultant under OAR 800-[0]25-[0]070(1) for taking copies of tax return records and under ORS 673.690 for *not* taking copies of tax return records." (Emphasis in original.) It is licensee's position that, to the extent that ORS 673.690 and OAR 800-025-0070 conflict, we must hold the rule invalid.

As we recently said in *Kniss v. PERB*, 184 Or App 47, 51, 55 P3d 526 (2002):

> "Before we may reach the merits of claimant's argument, however, we first must determine whether it has been preserved. Even when lack of preservation has not been asserted by the opposing party, we have an obligation to satisfy ourselves that an argument in fact has been preserved. *State v. Wyatt*, 331 Or 335, 346-47, 15 P3d 22 (2000)."

The issue in *Kniss* was whether the claimant had preserved arguments concerning the validity of a rule and the board's

---

[4] In reasoning that licensee had violated OAR 800-025-0070(1), the board stated, in part:

> "[Licensee] was a tax consultant who had been employed by another tax consultant, Wilen and Associates. The rule provides that, under those circumstances, client records were to be kept by the employing tax consultant, Wilen and Associates. [Licensee] violated the rule by taking copies of the client records that were required to be kept by Wilen and Associates."

On review, licensee states that "OAR 800-[0]25-[0]070(1) is directed at ensuring that original records are kept with the employing tax consultant or business entity[.]" Underlying the board's reasoning and defendant's position on review is the proposition that Wilen is an employing tax consultant for purposes of the rule. Because licensee does not challenge that proposition on review, we express no opinion as to its correctness.

interpretation of it. The claimant agreed that the rule's material cause standard applied and that the hearing officer and board properly interpreted it. However, the claimant challenged the finding that he had not met the material cause standard. On review, we concluded that the "claimant failed to preserve any argument as to the validity of the administrative rule that prescribes the material cause standard" and that he did not "preserve any argument as to the proper interpretation of the rule." *Kniss*, 184 Or App at 51.

In this case, the board issued a notice of proposed assessment of civil penalty and opportunity for hearing to licensee. The notice stated, in part, that "[a] civil penalty of $1,000 is proposed for removing computer discs with approximately 170 confidential client files from the office of [licensee's] employer, in violation of OAR 800-[0]25-[0]070(1)[.]" The notice also indicated that licensee removed the files without the knowledge or permission of Wilen, that all records belonged to Wilen, and that the clients were unaware that the records had been removed. Thus, before the hearing, the board gave licensee notice that it interpreted OAR 800-025-0070 to require Wilen to retain all client records and to prohibit licensee from taking those records.

At the hearing, licensee's position was that she had not violated the rule because she did not intend to harm anyone. The evidence presented at the hearing concerned factual issues, such as whether licensee had Wilen's permission to take the records, whether the records belonged to licensee or to Wilen, and whether the clients had given licensee permission to transfer the records.

Even though the board gave licensee notice that it interpreted the rule to require client records to remain with Wilen and to prohibit her from taking records, she did not raise to the board the issues of whether its interpretation of the rule was inconsistent with ORS 673.690, whether the rule is invalid, and whether the rule does not apply because she left the original records with Wilen and took only copies. In light of licensee's argument to the board concerning her lack of intent to cause harm and the parties' focus on various factual issues, the board did not have a fair opportunity to address the legal issues that licensee raises in her first

assignment of error. Under those circumstances, licensee failed to preserve the issues that she raises in her first assignment of error, and we decline to address them. *See Wyatt*, 331 Or at 343 ("[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted.").

In licensee's second assignment of error, she argues that the board abused its discretion in imposing the maximum civil penalty of $1,000 for each board rule violated by her. Although licensee does not dispute that the penalties imposed were within the range of penalties authorized by the statute, she argues that the board essentially failed to exercise its discretion in determining the appropriate penalties because there is no indication that the board considered the relevant factors under ORS 673.735. Specifically, licensee argues that there were a number of mitigating factors in her case that the board failed to take into account.

ORS 673.735(1), which authorizes the board to impose penalties for violation of its rules, provides:

"Any person who violates any provision of ORS 673.605 to 673.740 or any rule adopted thereunder shall incur, in addition to any other penalty provided by law, a civil penalty in an amount of not more than $1,000 for each violation. The amount of penalty shall be determined by the State Board of Tax Service Examiners *after taking into consideration* the gravity of the violation, the previous record of the violator in complying, or in failing to comply, with the provisions of ORS 673.605 to 673.740 or the rules adopted thereunder, and other considerations as the board considers appropriate."

(Emphasis added.)

Although the statute specifies factors for the board to consider in determining the appropriate amount of the penalty, the statute does not expressly require the board to make findings concerning those factors. Licensee is incorrect in arguing that, where an agency is required to consider particular factors in making a decision, it must always make express findings. *See State v. Hart*, 329 Or 140, 145-48, 985

P2d 1260 (1999). Nevertheless, in this case it is dispositive that (1) in the board's notice to licensee, it proposed the imposition of five $1,000 civil penalties against her and (2) licensee did not object to the amount of the proposed penalties, nor did she request that the board consider particular factors or make express findings regarding the factors that it did consider in imposing the civil penalties. Under those circumstances, we conclude that the board did not abuse its discretion in imposing the $5,000 civil penalty against licensee.

Affirmed.